EXHIBIT B

**IDR dispute status:** Payment Determination Made - Fees and Offer from One Party Only
**IDR reference number:** DISP-3033502

MCMC Services, LLC has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-3033502** and has determined that PHI Health, LLC is the prevailing party in this dispute.

Because only one party, PHI Health, LLC , submitted an offer and paid the corresponding fees, MCMC Services, LLC has determined that the out-of-network payment amount of $19,496.82 offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025004BQ8540 under this dispute.

**Final Determination Rationale**
The certified IDR entity requested fees and offers from both parties, however, the certified IDR entity did not receive an offer and/or fees from one party. As a result, the certified IDR entity has found in favor of the party that submitted an offer and fees.
MCMC Services, LLC did not receive an offer and/or fees from Blue Cross Blue Shield Ohio . As a result, the certified IDR entity has found in favor of PHI Health, LLC , the only party to submit an offer and fees.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. MCMC Services, LLC has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-3033502 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii)

and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-3033502 was PHI Health, LLC. The initiating party’s NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on May 19, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact MCMC Services, LLC. Include your IDR Reference number referenced above.

Thank you,

MCMC Services, LLC

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-2982644

Island Peer Review Organization has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2982644** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Island Peer Review Organization has determined that the out-of-network payment amount of **$8,976.80** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025029CL7634 under this dispute.

Island Peer Review Organization based this determination on a review of the following:

PHI Health, LLC submitted an offer of $8,976.80

Blue Cross Blue Shield Ohio submitted an offer of $2,470.00

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

It is IPRO’s determination that the payment amount of $8,976.80 offered by PHI Health, LLC best represents the value of the qualified IDR service at issue in DISP-2982644. IPRO has considered the QPA and all of the evidence submitted by both parties. IPRO finds that the quality and outcomes measurements of the provider that furnished the services is supported by national accreditations, certifications, and training programs; the acuity of the individual receiving services and the complexity of furnishing the services by evidence of traumatic cervical spine fractures, subdural hematoma, and vertebral artery dissection requiring urgent transfer to trauma center and critical care monitoring/assessment/treatment in route; the air ambulance

vehicle type used in transport; the population density of the point of pick-up; the training, experience, and quality of the medical personnel shown with clinical qualifications, training required by staff, and their scope of care; and good faith efforts seeking a contractual agreement with NIP demonstrates the offer by PHI Health, LLC best reflects the appropriate payment amount for DISP-2982644. Therefore, the offer of $8,976.80 by PHI Health, LLC has been selected as the appropriate out-of-network (OON) rate.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Island Peer Review Organization has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-2982644 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-2982644 was PHI Health, LLC. The initiating party’s NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield

Ohio. The 90-calendar day cooling off period begins on May 20, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Island Peer Review Organization. Include your IDR Reference number referenced above.

Thank you,

Island Peer Review Organization

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-2130955

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2130955** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$10,005.23** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 24159E0D9D01 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of  $10,005.23

Blue Cross Blue Shield Ohio submitted an offer of  $0.00

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about May 31, 2024, with a pick-up location in Ohio.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Blue Cross Blue Shield Ohio ("BCBS"), did not provide information or arguments about the NSA factors.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, and the arbiter considered and rejected all other arguments and evidence not specifically referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by

the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-2130955 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-2130955 was PHI Health, LLC. The initiating party’s NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on May 24, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

EXHIBIT B

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-1618793

Medical Evaluators of Texas has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-1618793** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Medical Evaluators of Texas has determined that the out-of-network payment amount of **$39,213.13** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2024121FT3657 under this dispute.

Medical Evaluators of Texas based this determination on a review of the following:

PHI Health, LLC submitted an offer of $39,213.13

Blue Cross Blue Shield Ohio submitted an offer of $15,000.00

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the initiating party's credible evidence, the patient’s emergent condition (a stroke) required rapid air transport to reduce ground transport time and to provide critical care capabilities of the crew during the transport. These factors weigh in favor of a higher reimbursement rate. Thus, the initiating party’s final offer best represents the value of the service as the out-of-network rate.

EXHIBIT B

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Medical Evaluators of Texas has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-1618793 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-1618793 was PHI Health, LLC. The initiating party’s NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on June 11, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Medical Evaluators of Texas. Include your IDR Reference number referenced above.

Thank you,

Medical Evaluators of Texas

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-3202845

MCMC Services, LLC has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-3202845** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, MCMC Services, LLC has determined that the out-of-network payment amount of **$57,002.68** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025023CE1995 under this dispute.

MCMC Services, LLC based this determination on a review of the following:

PHI Health, LLC submitted an offer of $57,002.68

Blue Cross Blue Shield Ohio submitted an offer of $15,685.77

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

After a thorough review of the QPA, Notice of Offers, and additional information, the Initiating Party's offer best represents the value of the qualified IDR item or service. The Initiating Party's offer adequately takes into account Quality and Outcomes Measurement and Level of Training. The Initiating Party submitted information relating to quality and outcomes measurements of the provider of air ambulance services that furnished the services. The Initiating Party also submitted information regarding the experience, and quality of medical personnel that furnished the air ambulance services, the ambulance vehicle type, the population density of the pick up location and its demonstration of good faith efforts to enter into network agreements.

This information demonstrates that the Initiating Party's offer best represents the value of this unique qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. MCMC Services, LLC has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-3202845 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-3202845 was PHI Health, LLC. The initiating party's NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on June 11, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact MCMC Services, LLC. Include your IDR Reference number referenced above.

Thank you,

MCMC Services, LLC

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-3472127

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-3472127** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$13,914.04** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025009EG5377 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $13,914.04

Blue Cross Blue Shield Ohio submitted an offer of $3,828.81

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

Maximus reviewed the documentation submitted by both parties in relation to the factors above. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient. The non-initiating party also submitted information related to the additional factors considered; however, the initiating party has demonstrated that their offer is more appropriate for the item or service in dispute based on the information

they provided specific to the acuity of the patient or the complexity of rendering the service. Thus, based on the information submitted by both parties, including the QPA and acuity or complexity, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-3472127 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-3472127 was PHI Health, LLC. The initiating party’s NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on July 17, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-3422035

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-3422035** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$3,045.07** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2024269ER4500 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $3,045.07

Blue Cross Blue Shield Ohio submitted an offer of $864.57

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

After careful consideration of the evidence provided in this dispute by both the initiating and non-initiating parties, which includes the QPA, all credible and permissible additional information, and after applying the factors as outlined in the NSA IDR provisions, Maximus has determined that the initiating party’s offer best represents the value of the service that is the subject of this dispute.

In making this determination, Maximus reviewed the documentation provided by both parties in relation to the factors above. Based on the information submitted by both parties, additional information was afforded the most weight. The initiating party's offer is consistent with historic reimbursement amounts.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-3422035 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

EXHIBIT B

The initiating party with respect to dispute number DISP-3422035 was PHI Health, LLC. The initiating party's NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on July 25, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-3422034

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-3422034** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$39,213.13** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2024269ER4500 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $39,213.13

Blue Cross Blue Shield Ohio submitted an offer of $18,805.39

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

After careful consideration of the evidence provided in this dispute by both the initiating and non-initiating parties, which includes the QPA, all credible and permissible additional information, and after applying the factors as outlined in the NSA IDR provisions, Maximus has determined that the initiating offer, best represents the value of the service that is the subject of this dispute.

In making this determination, Maximus reviewed the documentation provided by both parties in relation to the factors above. Based on the information submitted by both parties, the acuity of the individual was afforded the most weight.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-3422034 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-3422034 was PHI Health, LLC. The initiating party’s NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on July 28, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-2982643

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2982643** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$40,459.73** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025029CL7634 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $40,459.73

Blue Cross Blue Shield Ohio submitted an offer of $18,805.39

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party’s offer of $40,459.73 best represents the value of the qualified IDR service, ambulance service, conventional air services, transport, one way (rotary wing) (A0431), at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

EXHIBIT B

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

EXHIBIT B

The initiating party, PHI Health, LLC, provided an offer of $40,459.73 and provided the following information:

1. A statement that the initiating party's base rate offer is identical to the median base paid nationally for out-of-network (OON) services in 2021. In addition, the initiating party states the QPA is materially different from the appropriate OON rate and does not account for superior services, quality and outcomes measurements, nor the condition and needs of the patient. Per Section 6.2 of the Federal IDR Process Guidance for Certified IDREs, October 2022, it is not the role of the certified IDRE to determine whether the QPA has been calculated correctly by the plan. If the certified IDRE or a party believes that the QPA has not been calculated correctly, the certified IDRE or party is encouraged to notify the Departments, and the Departments may take action regarding the QPA's calculation. Notifications regarding incorrect QPA calculations can be submitted to the Departments via email at FederalIDRQuestions@cms.hhs.gov.

2. A statement that the initiating party is nationally recognized for the superior quality of care that they provide and a list of awards they have received.

3. Information documenting the clinical and educational requirements of the pilots and clinicians, as well as training and experience.

4. A statement that the patient was transported by an Airbus rotor-wing aircraft. The aircraft is stocked with specified equipment and medications to deliver five levels of care. Documentation of the equipment on the aircraft was included.

5. Information regarding the population density of where the patient was picked up. In addition, the location was 22 miles from the point of pickup resulting in transport times of 60 minutes by ground versus seven minutes by air.

6. A statement that the patient was suffering from traumatic cervical spine fractures, a subdural hematoma, and vertebral artery dissection from a motor vehicle accident. Due to the critical nature of the patient's injuries, air ambulance was dispatched.

The non-initiating party, Blue Cross Blue Shield Ohio, provided an offer of $18,805.39 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The documentation submitted does not include additional information related to the offer.

In reviewing the QPA, which was $18,805.39, and the above-noted information submitted by both parties, C2C finds the initiating party submitted information which includes a brief that details the background and offer; an argument in support of the offer; and a review of the six circumstances with information specific to this dispute. C2C reviewed this evidence and found the additional information submitted by the non-initiating party did not support the offer. The information submitted by the initiating party is compelling in substantiating the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party's evidence, with the review of the six circumstances that included information specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C's determination that the initiating party's offer of $40,459.73 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-2982643 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-2982643 was PHI Health, LLC. The initiating party’s NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on July 29, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made - Fees and Offer from One Party Only
**IDR reference number:** DISP-3202844

Keystone Peer Review Organization, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-3202844** and has determined that PHI Health, LLC is the prevailing party in this dispute.

Because only one party, PHI Health, LLC , submitted an offer and paid the corresponding fees, Keystone Peer Review Organization, Inc. has determined that the out-of-network payment amount of $40,459.73 offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025023CE1995 under this dispute.

**Final Determination Rationale**
The certified IDR entity requested fees and offers from both parties, however, the certified IDR entity did not receive an offer and/or fees from one party. As a result, the certified IDR entity has found in favor of the party that submitted an offer and fees.
Keystone Peer Review Organization, Inc. did not receive an offer and/or fees from Blue Cross Blue Shield Ohio . As a result, the certified IDR entity has found in favor of PHI Health, LLC , the only party to submit an offer and fees.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Keystone Peer Review Organization, Inc. has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-3202844 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and

717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-3202844 was PHI Health, LLC. The initiating party's NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on July 29, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Keystone Peer Review Organization, Inc.. Include your IDR Reference number referenced above.

Thank you,

Keystone Peer Review Organization, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-1677818

Medical Evaluators of Texas has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-1677818** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Medical Evaluators of Texas has determined that the out-of-network payment amount of **$39,213.13** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2024115CP1911 under this dispute.

Medical Evaluators of Texas based this determination on a review of the following:

PHI Health, LLC submitted an offer of $39,213.13

Blue Cross Blue Shield Ohio submitted an offer of $0.00

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

The IDR Entity dispute determination is in favor of the only offer with dollar amount received from the initiating party. Also, the non-initiating party did not provide any documentation in support of their offer for the qualified IDR item or service in this instance. Therefore, the out-of-network payment amount of $39,213.13 offered by the initiating party, under this dispute has been selected as the appropriate out-of-network (OON) rate.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Medical Evaluators of Texas has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-1677818 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-1677818 was PHI Health, LLC. The initiating party’s NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on August 6, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as

opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Medical Evaluators of Texas. Include your IDR Reference number referenced above.

Thank you,

Medical Evaluators of Texas

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-3687209

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-3687209** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$40,459.73** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025128CE9390 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $40,459.73

Blue Cross Blue Shield Ohio submitted an offer of $18,805.39

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

After careful consideration of the evidence provided in this dispute by both the initiating and non-initiating parties, which includes the QPA, all credible and permissible additional information, and after applying the factors as outlined in the NSA IDR provisions, Maximus has determined that the initiating party's offer best represents the value of the service that is the subject of this dispute.

In making this determination, Maximus reviewed the documentation provided by both parties in relation to the factors above. Based on the information submitted by both parties, the acuity of the individual who required air transport due to a heart attack and the provider's level of training and experience. The clinical team onboard continually monitored the patient for other signs of trauma or injury.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-3687209 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-3687209 was PHI Health, LLC. The initiating party's NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on August 14, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-3765760

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-3765760** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$39,213.13** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2024320CK4182 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $39,213.13

Blue Cross Blue Shield Ohio submitted an offer of $18,805.39

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

Maximus reviewed the information submitted for the additional factors above. Maximus also reviewed objections by the non-initiating party and determined the objections are invalid and this case is timely filed and eligible for arbitration based on the information in the record. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient, and the level of training and experience of the medical personnel that furnished the item or service. The non-initiating party resubmitted its objections with no information for the additional factors. Based on the information provided for the acuity of the patient or the complexity of

rendering the item or service, and the level of training and experience of the medical personnel, the initiating party has demonstrated their offer is more appropriate for the item or service in dispute. After reviewing the information submitted by both parties, including the QPA, acuity or complexity, and level of training, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-3765760 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-3765760 was PHI Health, LLC. The initiating party’s NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield

Ohio. The 90-calendar day cooling off period begins on September 1, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-3679908

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-3679908** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$39,213.13** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2024272BM5491 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $39,213.13

Blue Cross Blue Shield Ohio submitted an offer of $20,634.31

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

Maximus reviewed the documentation submitted by the initiating party in relation to the factors above. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient, demonstrating that their offer is more appropriate for the item or service in dispute based on the information they provided specific to the acuity of the patient or the complexity of rendering the service. Maximus has also reviewed the objection by the non-initiating party and determined this case is eligible for arbitration based on the information in the record. The non-initiating party submitted no information aside from their objection demonstrating why their

offer was the best representation of the value of the item or service rendered. Thus, based on the information submitted, including the QPA and acuity or complexity, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-3679908 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-3679908 was PHI Health, LLC. The initiating party’s NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on September 4, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-3806276

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-3806276** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$13,914.04** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025107CC5945 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $13,914.04

Blue Cross Blue Shield Ohio submitted an offer of $3,828.81

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

After careful consideration of the evidence provided in this dispute by both the initiating and non-initiating parties, which includes the QPA, all credible and permissible additional information, and after applying the factors as outlined in the NSA IDR provisions, Maximus has determined that the initiating party’s offer, best represents the value of the service that is the subject of this dispute.

In making this determination, Maximus reviewed the documentation provided by both parties in relation to the factors above. Based on the information submitted by both parties, the acuity of the patient, the time

sensitivity of the situation, and the care provided by the air ambulance crew during transport were afforded the most weight.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-3806276 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-3806276 was PHI Health, LLC. The initiating party's NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on September 4, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-3745637

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-3745637** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$39,213.13** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2024359EO2693 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $39,213.13

Blue Cross Blue Shield Ohio submitted an offer of $18,805.39

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

Maximus reviewed the documentation submitted by the initiating party in relation to the factors above. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient, demonstrating that their offer is more appropriate for the item or service in dispute based on the information they provided specific to the acuity of the patient or the complexity of rendering the service. Maximus has also reviewed the objection by the non-initiating party and determined this case is eligible for arbitration based on the information in the record. The non-initiating party submitted no information aside from their objection demonstrating why their

offer was the best representation of the value of the item or service rendered. Thus, based on the information submitted, including the acuity or complexity involved in this matter, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-3745637 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-3745637 was PHI Health, LLC. The initiating party’s NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on September 6, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-3746013

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-3746013** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$40,459.73** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025079CB9154 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $40,459.73

Blue Cross Blue Shield Ohio submitted an offer of $11,328.46

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

Maximus reviewed the documentation submitted by the initiating party in relation to the factors above. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient, demonstrating that their offer is more appropriate for the item or service in dispute based on the information they provided specific to the acuity of the patient or the complexity of rendering the service. Maximus has also reviewed the objection by the non-initiating party and determined this case is eligible for arbitration based on the information in the record. The non-initiating party submitted no information aside from their objection demonstrating why their

offer was the best representation of the value of the item or service rendered. Thus, based on the information submitted, including the acuity or complexity involved in this matter, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-3746013 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-3746013 was PHI Health, LLC. The initiating party’s NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on September 6, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-3746014

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-3746014** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$17,953.60** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025079CB9154 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $17,953.60

Blue Cross Blue Shield Ohio submitted an offer of $2,930.80

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

Maximus reviewed the documentation submitted by the initiating party in relation to the factors above. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient, demonstrating that their offer is more appropriate for the item or service in dispute based on the information they provided specific to the acuity of the patient or the complexity of rendering the service. Maximus has also reviewed the objection by the non-initiating party and determined this case is eligible for arbitration based on the information in the record. The non-initiating party submitted no information aside from their objection demonstrating why their

offer was the best representation of the value of the item or service rendered. Thus, based on the information submitted, including the acuity or complexity involved in this matter, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-3746014 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-3746014 was PHI Health, LLC. The initiating party’s NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on September 6, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made - Fees and Offer from One Party Only
**IDR reference number:** DISP-2971334

EdiPhy Advisors, L.L.C. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2971334** and has determined that PHI Health, LLC is the prevailing party in this dispute.

Because only one party, PHI Health, LLC , submitted an offer and paid the corresponding fees, EdiPhy Advisors, L.L.C. has determined that the out-of-network payment amount of $11,310.26 offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2024354CO6546 under this dispute.

**Final Determination Rationale**
The certified IDR entity requested fees and offers from both parties, however, the certified IDR entity did not receive an offer and/or fees from one party. As a result, the certified IDR entity has found in favor of the party that submitted an offer and fees.
EdiPhy Advisors, L.L.C. did not receive an offer and/or fees from Blue Cross Blue Shield Ohio . As a result, the certified IDR entity has found in favor of PHI Health, LLC , the only party to submit an offer and fees.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. EdiPhy Advisors, L.L.C. has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-2971334 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii)

and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-2971334 was PHI Health, LLC. The initiating party’s NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on September 8, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact EdiPhy Advisors, L.L.C.. Include your IDR Reference number referenced above.

Thank you,

EdiPhy Advisors, L.L.C.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4023651

MCMC Services, LLC has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4023651** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, MCMC Services, LLC has determined that the out-of-network payment amount of **$43,373.10** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025183CA4440 under this dispute.

MCMC Services, LLC based this determination on a review of the following:

PHI Health LLC submitted an offer of $43,373.10

Blue Cross Blue Shield Ohio submitted an offer of $18,805.39

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

After a thorough review of the QPA, Notice of Offers, and additional information, the Initiating Party's offer best represents the value of the qualified IDR item or service. The Initiating Party's offer adequately takes into account quality and outcomes measurement and training. The Initiating Party submitted information relating to quality and outcomes measurements of the provider of air ambulance services that furnished the services. The Initiating Party also submitted information regarding the experience, and quality of medical personnel that furnished the air ambulance services, the ambulance vehicle type, the population density of the pickup location and its demonstration of good faith efforts to enter into network agreements. This information demonstrates that the Initiating Party's offer best represents the value of this unique qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. MCMC Services, LLC has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-4023651 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4023651 was PHI Health LLC. The initiating party’s NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on October 22, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as

opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact MCMC Services, LLC. Include your IDR Reference number referenced above.

Thank you,

MCMC Services, LLC

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4032718

MCMC Services, LLC has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4032718** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, MCMC Services, LLC has determined that the out-of-network payment amount of **$12,567.52** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025137CR4362 under this dispute.

MCMC Services, LLC based this determination on a review of the following:

PHI Health LLC submitted an offer of  $12,567.52

Blue Cross Blue Shield Ohio submitted an offer of  $3,458.28

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

After a thorough review of the QPA, Notices of Offer, and additional information, the Initiating Party’s offer best represents the value of the qualified IDR item or service. The Initiating Party’s offer adequately takes into account quality and outcomes measurement, patient acuity and training. The Initiating Party submitted information relating to the vehicle type, population density and good faith efforts of the provider of air ambulance services that furnished the services. The Initiating Party also submitted information regarding the training, experience, and quality of medical personnel that furnished the air ambulance services. This information demonstrates that the Initiating Party’s offer best represents the value of this unique qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. MCMC Services, LLC has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-4032718 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4032718 was PHI Health LLC. The initiating party’s NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on October 23, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as

opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact MCMC Services, LLC. Include your IDR Reference number referenced above.

Thank you,

MCMC Services, LLC

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4205663

EdiPhy Advisors, L.L.C. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4205663** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, EdiPhy Advisors, L.L.C. has determined that the out-of-network payment amount of **$31,867.64** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025179BP1377 under this dispute.

EdiPhy Advisors, L.L.C. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $31,867.64

Blue Cross Blue Shield Ohio submitted an offer of $8,769.21

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

For each of the determination factors for which there is an "x" in the *Initiating Party* and/or *Non-Initiating Party* column of the above chart, this means the party provided supporting information (regardless of whether the information provided persuaded the Arbitrator that the factor should inform his/her decision). If the "additional information factor" is not checked, this may mean that either (i) no information other than information related to the specific factors was provided; or (ii) additional information was provided but the Arbitrator, in her/his sole discretion, determined such information was not related to the offers OR it was prohibited by the law. You must observe

the decision rationale below to know which party provided the evidence that persuaded the IDRE to rule for the Prevailing Party on each factor.

The IDRE considered all the briefs and all permissible arguments and evidence submitted by the parties. The IDRE did not consider arguments or evidence which is prohibited by applicable regulations or guidance. The QPA and all additional information for which evidence was offered or arguments were made, as indicated, were considered and the following circumstances and information were found to weigh in favor of the Prevailing Party and were found to outweigh any information offered by the non-prevailing party. Any factor listed here was given sufficient weight by the arbitrator to influence the outcome of the decision:

(1) Quality Outcomes;(2) Acuity of condition, complexity of services;(3) Training, experience and quality (necessary to treat the condition);(4) Ambulance vehicle type

If the Arbitrator concluded in her/his sole discretion that the submitting party failed to provide sufficient evidence on one of the other factors then it was not given weight and it will not be listed above in the rationale.

If there are any additional arguments or evidence among the rationale, the Arbitrator did consider them and if any of these arguments were given weight they are discussed here:

While the IDRE appreciates the information provided regarding Health Plan's QPA not being an accurate reflection of appropriate OON rates, the information provided goes to the QPA calculation and/or Congress's decision to implement the QPA process, which the regulations state "it is not the role of the IDR to determine whether the QPA has been calculated correctly by the plan or issuer." The IDRE notes that the NIP (Health Plan) only submitted an objection to the eligibility of the dispute and did not submit any other persuasive argument in its favor. The IDRE has overruled the NIP's objection based on the evidence (or lack thereof) provided by the parties. The IP (Provider) however submitted a brief and a persuasive argument in its favor. Based on the evidence submitted, the IDRE ruled in favor of the IP (provider).

Accordingly, the IDRE concludes Prevailing Party's offer represents the best value of the IDR qualified services at issue in this dispute for these line items and that party's offer should be the Out of Network rate paid on the referenced claims.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

EXHIBIT B

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. EdiPhy Advisors, L.L.C. has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-4205663 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4205663 was PHI Health, LLC. The initiating party’s NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on October 23, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact EdiPhy Advisors, L.L.C.. Include your IDR Reference number referenced above.

Thank you,

EXHIBIT B

EdiPhy Advisors, L.L.C.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-1955674

Network Medical Review Company, Ltd. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-1955674** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Network Medical Review Company, Ltd. has determined that the out-of-network payment amount of **$39,213.13** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2024107QA3461 under this dispute.

Network Medical Review Company, Ltd. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $39,213.13

Blue Cross Blue Shield Ohio submitted an offer of $15,000.00

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

This is a review for Claim #: 2024107QA3461. The service under review for the No Surprise Act is A0431 on 3/21/2024. The parties involved in this dispute are the Initiating Party, PHI Health, LLC, requesting the amount of $39,213.13, and the Non-Initiating Party, Blue Cross Blue Shield Ohio, is offering the amount of $15,000.00.

After a thorough review of the Notice of Offers and additional information, the Initiating Party's offer best represents the value of this qualified IDR item or service.

The additional information submitted by the initiating party provided proof of credible additional circumstances or factors as defined in the standards. We find the QPA is materially different from the appropriate out-of-network rate.

Therefore, the favor is for the initiating party.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Network Medical Review Company, Ltd. has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-1955674 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a

subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-1955674 was PHI Health, LLC. The initiating party's NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on October 28, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Network Medical Review Company, Ltd.. Include your IDR Reference number referenced above.

Thank you,

Network Medical Review Company, Ltd.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4283693

Medical Evaluators of Texas has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4283693** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Medical Evaluators of Texas has determined that the out-of-network payment amount of **$5,386.00** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025135CC8932 under this dispute.

Medical Evaluators of Texas based this determination on a review of the following:

PHI Health, LLC submitted an offer of $5,386.00

Blue Cross Blue Shield Ohio submitted an offer of $1,482.12

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

After reviewing the factors the IDRE is permitted to consider under the No Surprises Act, it is determined that the non-initiating party demonstrated a lack of good faith effort by failing to produce documentation in support of its offered amount. Weighing this lack of good faith effort determination against the information provided by the initiating party demonstrates that the initiating party's final payment offer represents the value of the IDR item or service under this dispute. Therefore, the final payment amount offered by the initiating party under this dispute is selected as the appropriate out-of-network rate.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Medical Evaluators of Texas has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-4283693 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4283693 was PHI Health, LLC. The initiating party’s NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on October 30, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Medical Evaluators of Texas. Include your IDR Reference number referenced above.

Thank you,

Medical Evaluators of Texas

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4205401

Provider Resources, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4205401** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Provider Resources, Inc. has determined that the out-of-network payment amount of **$12,118.68** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025133CF5271 under this dispute.

Provider Resources, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $12,118.68

Blue Cross Blue Shield Ohio submitted an offer of $3,334.77

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

Provider Resources LLC (PRI) considered the QPA, and all non-prohibited compelling information submitted by both parties to determine the appropriate out-of-network rate. The chart above indicates the type of information submitted by each party and reviewed by PRI.

It is PRI 's determination that PHI Health, LLC, the initiating party’s offer best represents the value of the qualified IDR service at issue in this dispute. Hence, PRI has determined PHI Health, LLC prevailed.

PRI considered the objection and determined that the dispute was eligible for review.

The QPA for the service at issue in this dispute (A0436) is $3,334.77.

PRI has considered the QPA, and all the evidence submitted by both parties and found the most compelling evidence in this dispute to be the evidence presented by PHI Health, LLC.

The IP submitted information regarding:

- The quality and outcomes measurements of the provider of air ambulance services that furnished the service.

- The acuity of the condition of the participant, beneficiary, or enrollee receiving the services; and/or the complexity of providing services to the participant, beneficiary or enrollee.

- The level of training, experience, and quality of medical personnel that furnished the air ambulance services.

- The air ambulance vehicle type, including the clinical capability level of the vehicle.

- The population density of the point of pick-up.

- Demonstration of good faith efforts (or lack thereof) made by the provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

PHI Health, LLC argued that its offer is the appropriate out-of-network rate for the service at issue in this dispute and that the above-mentioned factors warrant selection of their offer as the appropriate out-of-network rate for the IDR item or service.

For the above-mentioned reasons(s), PRI finds that the offer presented by PHI Health, LLC best represents the value of the qualified IDR service at issue in this dispute.

**Resources**

Visit the No Surprises website (https://www.cms.gov/nosurprises) for additional IDR resources.

***We also want to learn - from you - about what you need.*** As we are an organization steeped in quality improvement, we want to know what it is we do that you like and what we can improve. To get your feedback, PRI has assembled a Stakeholder Engagement Team — the first IDRE to do so. We want to hear from you, and we invite you to set up routine meetings with us to discuss matters of concern.

For more information on Provider Resources LLC (PRI) determination review processes, please visit our website at https://www.provider-resources.com/idre or call our Stakeholder Engagement Team Specialist at 855-479-4025.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Provider Resources, Inc. has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-4205401 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4205401 was PHI Health, LLC. The initiating party’s NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on October 31, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Provider Resources, Inc.. Include your IDR Reference number referenced above.

Thank you,

Provider Resources, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4108542

MCMC Services, LLC has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4108542** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, MCMC Services, LLC has determined that the out-of-network payment amount of **$43,373.10** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025151BS3463 under this dispute.

MCMC Services, LLC based this determination on a review of the following:

PHI Health LLC submitted an offer of $43,373.10

Blue Cross Blue Shield Ohio submitted an offer of $18,805.39

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

After a thorough review of the QPA, Notices of Offer, and additional information, the Initiating Party’s offer best represents the value of the qualified IDR item or service. The Initiating Party’s offer adequately takes into account Quality and Outcomes Measurement, Patient Acuity and Level of Training. The Initiating Party submitted information relating to the vehicle type, population density and good faith efforts of the provider of air ambulance services that furnished the services. The Initiating Party also submitted information regarding the level of training, experience, and quality of medical personnel that furnished the air ambulance services. This information demonstrates that the Initiating Party’s offer best represents the value of this unique qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. MCMC Services, LLC has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-4108542 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4108542 was PHI Health LLC. The initiating party’s NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on November 3, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as

opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact MCMC Services, LLC. Include your IDR Reference number referenced above.

Thank you,

MCMC Services, LLC

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4139897

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4139897** and has determined that PHI HEALTH, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$43,373.10** offered by PHI HEALTH, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025098DE6482 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI HEALTH, LLC submitted an offer of $43,373.10

Blue Cross Blue Shield Ohio submitted an offer of $18,805.39

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party’s offer of $43,373.10 best represents the value of the qualified IDR service, ambulance service, conventional air services, transport, one way (rotary wing) (A0431), at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI HEALTH, LLC, provided an offer of $43,373.10 and provided the following information:

1. A statement that the QPA undervalues the provider’s superior services and does not account for the other factors considered during review of this dispute. Additionally, the plan has refused the provider’s requests to provide mandatory information regarding how the QPA was calculated. Per Section 6.2 of the Federal IDR Process Guidance for Certified IDREs, October 2022, it is not the role of the certified IDRE to determine whether the QPA has been calculated correctly by the plan. If the certified IDRE or a party believes that the QPA has not been calculated correctly, the certified IDRE or party is encouraged to notify the Departments, and the Departments may take action regarding the QPA’s calculation. Notifications regarding incorrect QPA calculations can be submitted to the Departments via email at FederalIDRQuestions@cms.hhs.gov.

2. A statement that the provider is nationally recognized for the superior quality of care provided. According to Ground and Air Medical Quality Transport (GAMUT), the provider exceeds more than half of measured metrics. Additionally, the provider’s aircraft has been available for immediate response, approximately 13 minutes after the emergency transport was requested, and has an exemplary safety record.

3. Clinical information documenting that the 52-year-old patient, with a history of atrial fibrillation, was found by his wife to be unresponsive and making loud breathing noises. The patient was transported from home to a local hospital by the emergency medical ground transport. The patient cardiac arrested on the way

to the emergency room and advanced cardiac life support was performed with medications and defibrillations delivered. The return of spontaneous circulation was achieved after multiple defibrillations and medications. Diagnostic tests and assessment confirmed the patient suffered from a cardiac arrest, cardiogenic shock, and profound hypotension. Due to the severity of the patient's condition and the need for advanced medical equipment and care that exceeded the care provided by ground ambulance providers, air ambulance services were requested for immediate rapid air transport, advanced in-transit care, and transfer to the nearest appropriate facility equipped to provide the required treatment. Upon arrival of the air ambulance team, the patient was found to be post-cardiac arrest, unconscious, intubated, on mechanical ventilation, and receiving vasopressors and other medications to sustain his life. Due to the critical nature of the patient's condition, the patient required transfer to a facility that could provide cardiology, cardiothoracic intervention, cardiothoracic surgery, and cardiac intensive care services. Ground transport time would have taken 45 minutes versus less than 15 minutes for rapid air transport. Ground transport was not an option as they could not provide the critical care services the patient required. From the time of the initial assessment through the completion of the transport, the patient required continuous hemodynamic monitoring, medication titration and administration, airway management, and neurological monitoring, by the air ambulance flight crew.

4. The curriculum vitae of each clinician on board the aircraft and information supporting that the flight crew was comprised of a certified flight registered nurse (CFRN), a nationally registered emergency medical technician and paramedic, and a pilot with 21 years of flight experience. Additionally, each of these clinicians holds multiple licensures and certifications in their respective fields. The provider's exceptional training, experience, and quality of personnel exceeds the baseline set by federal regulatory requirements.

5. Information regarding the ambulance vehicle type and the level of clinical capabilities.

6. A statement that the patient required air ambulance transport from a rural location. Additionally, low-density points of pickup support higher reimbursement as the provider is required to fly longer distances without a patient on-board, and therefore, does not include the distance used to calculate mileage payments.

7. A statement that the provider has asked the plan to enter negotiations for a contract that would restore the provider to the plan's network at reasonable rates; however, the plan has ignored the provider's request. An exhibit is provided documenting the provider's efforts to restore an in-network agreement with the plan.

The non-initiating party, Blue Cross Blue Shield Ohio, provided an offer of $18,805.39 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The documentation submitted does not include additional information related to one of the five circumstances.

In reviewing the QPA, which was $18,805.39, and the above-noted information submitted by both parties, C2C finds that the initiating party submitted information supporting that ambulance transport was required due to the time-sensitive need for definitive treatment as the patient was post-cardiac arrest and suffering from cardiogenic shock, ground transport time of 45minutes that would have been detrimental to the patient's condition, the lack of availability of intensive care ground transportation, the high potential for hemodynamic deterioration of the patient's condition during transport, the need to reduce out-of-hospital time, and the need for the presence of two critical care providers. As noted in the regulation cited above, the additional information must be related to at least one of the five circumstances. In this instance, the non-initiating party did not provide information related to at least one of the five circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party's evidence regarding the patient's acuity and complexity of services was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C's determination that the initiating party's offer of $43,373.10 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-4139897 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI HEALTH, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4139897 was PHI HEALTH, LLC. The initiating party's NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on November 3, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-3977886

Network Medical Review Company, Ltd. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-3977886** and has determined that PHI Health, LLC - Lesli ODaniels is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Network Medical Review Company, Ltd. has determined that the out-of-network payment amount of **$40,459.73** offered by PHI Health, LLC - Lesli ODaniels is the appropriate out-of-network rate for the service A0431 on claim number 2025113CT5810 under this dispute.

Network Medical Review Company, Ltd. based this determination on a review of the following:

PHI Health, LLC - Lesli ODaniels submitted an offer of $40,459.73

Blue Cross Blue Shield Ohio submitted an offer of $18,805.39

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

This is a review for Claim #: 2025113CT5810. The service under review for the No Surprise Act is A0431 on 4/22/2025. The parties involved in this dispute are the Initiating Party, PHI Health, LLC - Lesli ODaniels, requesting the amount of $40,459.73, and the Non-Initiating Party, Blue Cross Blue Shield Ohio, is offering the amount of $18,805.39.

After a thorough review of the Notice of Offers and additional information, the Initiating Party's offer best represents the value of this qualified IDR item or service. Therefore, the Initiating Party is the prevailing party.

The QPA was weighed equally with all credible, allowed additional information.

The quality and outcomes measurements of the provider of air ambulance services that furnished the services was heavily weighted.

"PHI accredits its programs through the Commission on Accreditation of Medical Transport Systems (“CAMTS”)." This statement was heavily weighted.

The acuity of the participant, beneficiary, or enrollee receiving the qualified IDR item or service, or the complexity of furnishing the qualified IDR item or service to the participant, beneficiary, or enrollee was heavily weighted.

The patient's acuity, as evidenced by the initiating party's submission of a summary of the care rendered on 04/22/2025, was heavily weighted.

The level of training, experience and quality of medical personnel that furnished the air ambulance services was heavily weighted.

The level of training, experience and quality of medical personnel that furnished the air ambulance services was heavily weighted.

WILLIAM G. WILLINGHAM II

Pilot Information

Approximately 8500+ hours Total Time, 1000hrs NVG

Average 273hrs in the last six months

Approximately 1200hrs 200 feet AHO, or below, in the last four years

All hours are rounded down:

Helicopter - 7310+ hours

Airplane- 250+

Experience

Amentum/URS

Basic/Advance War Fighter Skills (BWS/AWS) Instructor Pilot/April 2018 to October 2024 Shell Army Airfield, USAACE FT Novosel, AL

Military Service/Ohio Army National Guard

SP/IE/MTP/FCP 73rd BDE (JFHQ) Aviation Maintenance Officer/1978-2018

Army Aviation Flight Facility #1 Ohio (KCAK) Green, Ohio

Licenses/Certifications

Commercial Pilot -

Rotorcraft –

HelicopterASEL & AMEL

Instrument Airplane and Helicopter

Type Rating: BV-234

CFII

Rotorcraft – Helicopter

Instrument Helicopter

FAA Endorsement:

Authorized to perform Rotorcraft – Helicopter Night Vision Goggle Pilot in Command

(PIC) Qualification Training

Daniel Theodore Cukryznski, Pilot

Current PHI Medical Work: Medium IFR Captain 4/1/2020-Present

Military Experience, Specialist E-4 1/31/2007-1/1/2012

Kimberly Brooks, RN

Educational Degree(s): MSN

Years in Healthcare: 27

Cleveland Clinic Start Date: 05/19/2008

Years on CCT: 14.0

Certification(s): CCRN

Trauma Certification(s): TPATC

Professional Organization(s): ANCC

Nurse Practitioner / Cleveland Clinic Credentialing: Arterial line, central line, chest tube (blunt dissection), intubation, ventilator management, core privileges

Lisa Klasic, RN

Educational Degree(s): BSN

Years in Healthcare: 20

Cleveland Clinic Start Date: 07/10/2013

Years on CCT: 8.9

Certification(s): CCRN

Trauma Certification(s): ITLS

Professional Organization(s): AACN, IAFN, IACME

The air ambulance vehicle type, including the clinical capability level of the vehicle.

The air ambulance vehicle type, ROTOR Wing (A0431), and capabilities, were heavily weighted. "PHI has invested in Zoll Combination Cardiac Monitor, Defibrillator, Non-Invasive Blood Pressure and Pulse Oximeter devices (“Zoll Monitor”). Ex. 2 (Jasumback Decl.) PHI has purchased a Zoll Monitor for aircraft at each of its bases, and PHI also maintains one to two backup monitors in each state in which it operates. Id. PHI's investment in Zoll Monitors permits PHI to offer superior care as compared to alternative monitors due, in part, to the following features of Zoll Monitors: Zoll Monitors monitor the rate and depth of chest compressions during CPR, providing real-time feedback to clinicians to modify either as needed and leading to enhanced patient outcomes; and their 12-lead capabilities reduce time-to-balloon by interfacing with all leading ECG management and STEMI systems. PHI equips its aircraft with high-quality Hamilton T1 or ReVel ventilators. Ex. 2 (Jasumback Decl.) The Hamilton T1 is optimized for use in transport; supports adult, pediatric and neonatal patients; can operate independently of compressed air; and supports adaptive support ventilation(ASV), which can automatically adjust respiratory rate, tidal volume." This information was heavily weighted.

The population density of the point of pick-up.

"In this case, PHI picked up Patient Henson at zip code 44256, which is located in Medina County, Ohio. Medina County had a population of 180,912 as reported in the 2020 Census. This point of pickup is inside a Metropolitan Statistical Area (MSA). Medina County had a population density of 425.06 people per square mile compared to 766.20 people per square mile within the Ohio MSA Region as a whole. Thus, the pickup location was less densely populated than the geographic region used to determine the QPA." This information was also heavily weighted.

Demonstration of good faith efforts (or lack thereof) made by the provider or facility or the plan to enter into network agreements with each other, and, if applicable, contracted rates between the provider or facility, as applicable, and the plan during the previous 4 plan years, was heavily weighted.

"PHI has since asked Anthem to enter negotiations for a contract that would restore PHI to Anthem's provider network at reasonable rates. Ex. 21 (PHI's email to Anthem); Unfortunately, Anthem has so far ignored PHI's request."

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Network Medical Review Company, Ltd. has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-3977886 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC - Lesli ODaniels by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

EXHIBIT B

The initiating party with respect to dispute number DISP-3977886 was PHI Health, LLC - Lesli ODaniels. The initiating party's NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on November 4, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Network Medical Review Company, Ltd.. Include your IDR Reference number referenced above.

Thank you,

Network Medical Review Company, Ltd.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4327115

Medical Evaluators of Texas has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4327115** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Medical Evaluators of Texas has determined that the out-of-network payment amount of **$40,459.73** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025225CG2281 under this dispute.

Medical Evaluators of Texas based this determination on a review of the following:

PHI Health, LLC submitted an offer of $40,459.73

Blue Cross Blue Shield Ohio submitted an offer of $18,805.39

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

In determining which offer best represents the value of this service, the highest weight was given to the information regarding the patient´s severe acuity which justifies the initiating party’s offer. Furthermore, the non-initiating party has failed to submit any evidence to justify its Notice of Offer. Therefore, the total out-of-network payment amount offered by the initiating party in this dispute has been selected as the appropriate out-of-network (OON) rate.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Medical Evaluators of Texas has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-4327115 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4327115 was PHI Health, LLC. The initiating party’s NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on November 5, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Medical Evaluators of Texas. Include your IDR Reference number referenced above.

Thank you,

Medical Evaluators of Texas

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4146461

MCMC Services, LLC has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4146461** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, MCMC Services, LLC has determined that the out-of-network payment amount of **$21,544.32** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025183CB7849 under this dispute.

MCMC Services, LLC based this determination on a review of the following:

PHI Health, LLC submitted an offer of $21,544.32

Blue Cross Blue Shield Ohio submitted an offer of $5,928.48

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

After a thorough review of the QPA, Notices of Offer, and additional information, the Initiating Party's offer best represents the value of the qualified IDR item or service. The Initiating Party's offer adequately takes into account patient acuity and additional information. The Initiating Party submitted information relating to quality and outcomes, patient acuity, training, vehicle type, pickup point population density, good faith efforts and additional information. The Non-Initiating Party submitted information relating to acuity of individual. This information demonstrates that the Initiating Party's offer best represents the value of this unique qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. MCMC Services, LLC has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-4146461 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4146461 was PHI Health, LLC. The initiating party’s NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on November 10, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact MCMC Services, LLC. Include your IDR Reference number referenced above.

Thank you,

MCMC Services, LLC

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4351662

Medical Evaluators of Texas has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4351662** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Medical Evaluators of Texas has determined that the out-of-network payment amount of **$40,459.73** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025182DR1382 under this dispute.

Medical Evaluators of Texas based this determination on a review of the following:

PHI Health, LLC submitted an offer of $40,459.73

Anthem Inc. submitted an offer of $18,805.39

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

The initiating party provided information in support of its offer. The non-initiating party did not provide any information at all in support of its offer. The final offer of the initiating party was is deemed reasonable and is selected as the appropriate amount for this dispute. In determining which offer best represents the value of this service, the greatest weight was given to the information submitted by the initiating party, which is the only party providing information in support of its offer.

EXHIBIT B

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Medical Evaluators of Texas has determined that Anthem Inc. is the non-prevailing party in DISP-4351662 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4351662 was PHI Health, LLC. The initiating party’s NPI is 1871850693 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on November 10, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Medical Evaluators of Texas. Include your IDR Reference number referenced above.

Thank you,

Medical Evaluators of Texas

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4155092

MCMC Services, LLC has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4155092** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, MCMC Services, LLC has determined that the out-of-network payment amount of **$21,993.16** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025148BW0680 under this dispute.

MCMC Services, LLC based this determination on a review of the following:

PHI Health LLC submitted an offer of $21,993.16

Blue Cross Blue Shield Ohio submitted an offer of $6,051.99

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

After a thorough review of the QPA, Notice of Offers, and additional information, the Initiating Party’s offer best represents the value of the qualified IDR item or service. The Initiating Party’s offer adequately takes into account level of training and patient acuity. The initiating party submitted evidence concerning the parties’ contractual history. Such evidence shows that the prior rate of payment for the same or similar services was closer to the initiating party’s offer in this case. The Initiating Party submitted information relating to the Initiating Party’s level of training, experience, and quality and outcome measurements. In addition, the Initiating Party submitted information relating to acuity of the participant, beneficiary, or enrollee, receiving the qualified IDR item or service, or the complexity of furnishing the qualified IDR item or service to the participant, beneficiary, or

enrollee. This information demonstrates that the Initiating Party's offer best represents the value of this unique qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. MCMC Services, LLC has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-4155092 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4155092 was PHI Health LLC. The initiating party's NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on November 11, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact MCMC Services, LLC. Include your IDR Reference number referenced above.

Thank you,

MCMC Services, LLC

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4351401

Medical Evaluators of Texas has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4351401** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Medical Evaluators of Texas has determined that the out-of-network payment amount of **$34,800.80** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025032RH5183 under this dispute.

Medical Evaluators of Texas based this determination on a review of the following:

PHI Health, LLC submitted an offer of $34,800.80

Blue Cross Blue Shield Ohio submitted an offer of $17,818.34

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | X |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | X |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

PHI Health LLC ("PHI") provided critical air ambulance services to a 54-year-old patient suffering from a complete occlusion of the proximal right superficial femoral artery. PHI treated and transported the patient from a rural area located in Tuscarawas County, Ohio to University Hospitals Cleveland Medical Center. At the time of transport, the transport team determined that local geography, road, traffic conditions, and availability of ground ambulances would result in estimated transport times of 75 minutes by ground compared to 27 minutes by air. PHI and its staff are nationally recognized for the superior quality of care that they provide. The qualifications of PHI's pilots, aviation mechanics, nurses, paramedics and other clinicians

exceed federal minimum standards. PHI's accident rate and fatality rate are significantly below the average rates experienced by PHI's three largest competitors. Anthem Blue Cross and Blue Shield Ohio's market share in the state of Ohio is approximately 31%, making it the largest commercial insurer in the state and suggesting that its bargaining power exceed those of PHI. Anthem Blue Cross and Blue Shield Ohio submitted no statement in support of its offer. In determining which offer best represents the value of the service, the highest weight was given to the absence of a statement in support of the non-initiating party's offer. The initiating party participated more fully in the Independent Dispute Resolution process than did the non-initiating party. Consequently, the initiating party's offer is determined to be the appropriate out-of-network rate.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Medical Evaluators of Texas has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-4351401 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4351401 was PHI Health, LLC. The initiating party's NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on November 11, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Medical Evaluators of Texas. Include your IDR Reference number referenced above.

Thank you,

Medical Evaluators of Texas

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-2384554

Provider Resources, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2384554** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Provider Resources, Inc. has determined that the out-of-network payment amount of **$39,213.13** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2024276BY5913 under this dispute.

Provider Resources, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $39,213.13

Blue Cross Blue Shield Ohio submitted an offer of $11,328.46

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

Provider Resources LLC (PRI) considered the QPA, and all non-prohibited compelling information submitted by both parties to determine the appropriate out-of-network rate. The chart above indicates the type of information submitted by each party and reviewed by PRI.

It is PRI 's determination that PHI HEALTH, LLC, the initiating party's offer best represents the value of the qualified IDR service at issue in this dispute. Hence, PRI has determined PHI HEALTH, LLC prevailed.

PRI considered the objection and determined that the dispute was eligible for review.

The QPA for the service at issue in this dispute (A0431) is $11,328.46.

PRI has considered the QPA, and all the evidence submitted by both parties and found the most compelling evidence in this dispute to be the evidence presented by PHI HEALTH, LLC.

PHI HEALTH, LLC submitted information regarding:

• The quality and outcomes measurements of the provider of air ambulance services that furnished the service.

• The acuity of the condition of the participant, beneficiary, or enrollee receiving the services; and/or the complexity of providing services to the participant beneficiary or enrollee.

• The level of training, experience, and quality of medical personnel that furnished the air ambulance services.

• The air ambulance vehicle type, including the clinical capability level of the vehicle.

• The population density of the point of pick-up.

• Demonstration of good faith efforts (or lack thereof) made by the provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

• Qualified Payment Amount (QPA).

PHI HEALTH, LLC argued that its offer is the appropriate out-of-network rate for the service at issue in this dispute and that the above-mentioned factors warrant selection of their offer as the appropriate out-of-network rate for the IDR item or service.

For the above-mentioned reasons(s), PRI finds that the offer presented by PHI HEALTH, LLC best represents the value of the qualified IDR service at issue in this dispute.

Resources

Visit the No Surprises website (https://www.cms.gov/nosurprises) for additional IDR resources.

We also want to learn - from you - about what you need. As we are an organization steeped in quality improvement, we want to know what it is we do that you like and what we can improve. To get your feedback, PRI has assembled a Stakeholder Engagement Team — the first IDRE to do so. We want to hear from you, and we invite you to set up routine meetings with us to discuss matters of concern.

For more information on Provider Resources LLC (PRI) determination review processes, please visit our website at https://www.provider-resources.com/idre or call our Stakeholder Engagement Team Specialist at 855-479-4025.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Provider Resources, Inc. has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-2384554 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-2384554 was PHI Health, LLC. The initiating party’s NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on November 13, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Provider Resources, Inc.. Include your IDR Reference number referenced above.

Thank you,

Provider Resources, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4394046

EdiPhy Advisors, L.L.C. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4394046** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, EdiPhy Advisors, L.L.C. has determined that the out-of-network payment amount of **$6,117.72** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025174CB1079 under this dispute.

EdiPhy Advisors, L.L.C. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $6,117.72

Blue Cross Blue Shield Ohio submitted an offer of $1,482.12

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

For each of the determination factors for which there is an "x" in the *Initiating Party* and/or *Non-Initiating Party* column of the above chart, this means the party provided supporting information (regardless of whether the information provided persuaded the Arbitrator that the factor should inform his/her decision). If the "additional information factor" is not checked, this may mean that either (i) no information other than information related to the specific factors was provided; or (ii) additional information was provided but the Arbitrator, in her/his sole discretion, determined such information was not related to the offers OR it was prohibited by the law. You must observe

the decision rationale below to know which party provided the evidence that persuaded the IDRE to rule for the Prevailing Party on each factor.

The IDRE considered all the briefs and all permissible arguments and evidence submitted by the parties. The IDRE did not consider arguments or evidence which is prohibited by applicable regulations or guidance. The QPA and all additional information for which evidence was offered or arguments were made, as indicated, were considered and the following circumstances and information were found to weigh in favor of the Prevailing Party and were found to outweigh any information offered by the non-prevailing party. Any factor listed here was given sufficient weight by the arbitrator to influence the outcome of the decision:

(1) Quality Outcomes;(2) Acuity of condition, complexity of services;(3) Training, experience and quality (necessary to treat the condition);(4) Ambulance vehicle type

If the Arbitrator concluded in her/his sole discretion that the submitting party failed to provide sufficient evidence on one of the other factors then it was not given weight and it will not be listed above in the rationale.

If there are any additional arguments or evidence among the rationale, the Arbitrator did consider them and if any of these arguments were given weight they are discussed here:

While the IDRE appreciates the information provided regarding Health Plan's QPA not being an accurate reflection of appropriate OON rates, the information provided goes to the QPA calculation and/or Congress's decision to implement the QPA process, which the regulations state "it is not the role of the IDR to determine whether the QPA has been calculated correctly by the plan or issuer."

Accordingly, the IDRE concludes Prevailing Party's offer represents the best value of the IDR qualified services at issue in this dispute for these line items and that party's offer should be the Out of Network rate paid on the referenced claims.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by

the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. EdiPhy Advisors, L.L.C. has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-4394046 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4394046 was PHI Health, LLC. The initiating party’s NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on November 14, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact EdiPhy Advisors, L.L.C.. Include your IDR Reference number referenced above.

Thank you,

EdiPhy Advisors, L.L.C.

EXHIBIT B

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4305917

National Medical Reviews, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4305917** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, National Medical Reviews, Inc. has determined that the out-of-network payment amount of **$13,190.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025196FD2916 under this dispute.

National Medical Reviews, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $13,190.40

Blue Cross Blue Shield Ohio submitted an offer of $4,940.40

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | X |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | X |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

The following enumerated factors were taken into consideration and given the weight explained in greater detail below in rendering this determination:

# EXHIBIT B

1. The Qualifying Payment Amount (QPA) for the applicable year for the qualified Independent Dispute Resolution (IDR) item or service

2. The quality and outcomes measurements of the provider of air ambulance services that furnished the services [here there is no apparent issue as to quality or outcomes measurements of the provider between the parties].

3. The acuity of the condition of the participant, beneficiary, or enrollee receiving the services, or the complexity of providing services to the participant, beneficiary, or enrollee [here there is no apprenticeship issue that the acuity of the member medical condition warranted the provision of air ambulance services].

4. The level of training, experience, and quality of medical personnel that furnished the air ambulance services [here there is no apparent dispute pertaining to the licensure and certification of the air ambulance service healthcare providers].

5. The air ambulance vehicle type, including the clinical capability level of such vehicle [here a rotary wing-helicopter-air ambulance] whether the air ambulance is fixed wing or rotary wing only to the extent that the information is not already taken into account by the QPA.

6. The population density of the point of pick-up for the air ambulance of the participant, beneficiary, or enrollee (such as urban, suburban, rural, or frontier) [here urban].

7. Demonstrations of good faith efforts (or lack of thereof) made by the OON provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous 4 plan years [here the parties apparently attempted to engage in a long term agreement but were unable to due to pricing issues].

The Initiating Party (IP) submitted information with respect to:

# EXHIBIT B

1. The QPA for the applicable year for the qualified IDR item or service

2. The quality and outcomes measurements of the provider of air ambulance services that furnished the services [here there is no apparent issue as to quality or outcomes measurements of the provider between the parties].

3. The acuity of the condition of the participant, beneficiary, or enrollee receiving the services, or the complexity of providing services to the participant, beneficiary, or enrollee [here there is no apprenticeship issue that the acuity of the member medical condition warranted the provision of air ambulance services].

4. The level of training, experience, and quality of medical personnel that furnished the air ambulance services [here there is no apparent dispute pertaining to the licensure and certification of the air ambulance service healthcare providers].

5. The air ambulance vehicle type, including the clinical capability level of such vehicle [here a rotary wing-helicopter-air ambulance] whether the air ambulance is fixed wing or rotary wing only to the extent that the information is not already taken into account by the QPA.

• Credible information on the air ambulance vehicle type and the vehicle's level of clinical capability only to the extent not already taken into account by the QPA.

6. The population density of the point of pick-up for the air ambulance of the participant, beneficiary, or enrollee (such as urban, suburban, rural, or frontier) [HERE urban].

• The QPA for the geographic regions used to calculate the QPA may already reflect the population density of the pick-up location. Nevertheless, in certain circumstances, the QPA for air ambulance services may not adequately capture the population density, due to additional distinctions, such as between metropolitan areas within a state, or between rural and frontier areas.

7. Demonstrations of good faith efforts (or lack of thereof) made by the OON provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous 4 plan years [HERE the parties apparently attempted to engage in a long term agreement but were unable to due to pricing issues].

• Credible information about demonstrations of good faith efforts (or lack thereof) made by the nonparticipating provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan, as applicable, during the previous 4 plan years.

The Non-Initiating Party (NIP) submitted credible information with respect to:

1. The QPA for the applicable year for the qualified IDR item or service

2. The level of training, experience, and quality of medical personnel that furnished the air ambulance services [here there is no apparent dispute pertaining to the licensure and certification of the air ambulance service healthcare providers]

3. The air ambulance vehicle type, including the clinical capability level of such vehicle [here a rotary wing-helicopter-air ambulance] whether the air ambulance is fixed wing or rotary wing only to the extent that the information is not already taken into account by the QPA.

• Credible information on the air ambulance vehicle type and the vehicle's level of clinical capability only to the extent not already taken into account by the QPA.

4. The population density of the point of pick-up for the air ambulance of the participant, beneficiary, or enrollee (such as urban, suburban, rural, or frontier) [HERE urban].

• The QPA for the geographic regions used to calculate the QPA may already reflect the population density of the pick-up location. Nevertheless, in certain circumstances, the QPA for air ambulance services may not adequately capture the population density, due to additional distinctions, such as between metropolitan areas within a state, or between rural and frontier areas.

5. Demonstrations of good faith efforts (or lack of thereof) made by the OON provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous 4 plan years [here the parties apparently attempted to engage in a long term agreement but were unable to due to pricing issues].

• Credible information about demonstrations of good faith efforts (or lack thereof) made by the nonparticipating provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan, as applicable, during the previous 4 plan years.

A finding was made for the Initiating Party. After a complete and careful consideration of the offers made by the parties, the QPA, and other credible information submitted, and after applying the No Surprises Act (NSA) statutory provisions, the Initiating Party's offer best represents the value of the service that is the subject of this unique payment determination.

Both the Initiating Party and Non-Initiating Party submitted credible information. The information demonstrates that the QPA does not adequately take into account the quality and outcomes measurements of the provider of air ambulance services that furnished the services, the acuity of the condition of the participant, beneficiary, or enrollee receiving the services, or the complexity of providing services to the participant, beneficiary, or enrollee, the level of training, experience, and quality of medical personnel that furnished the air ambulance services, the air ambulance vehicle type, including the clinical capability level of such vehicle, whether the air ambulance is fixed wing or rotary wing only to the extent that the information is not already taken into account by the QPA, credible information on the air ambulance vehicle type and the vehicle’s level of clinical capability only to the extent not already taken into account by the QPA, the population density of the point of pick-up for the air ambulance of the participant, beneficiary, or enrollee (such as urban, suburban, rural, or frontier), the QPA for the geographic regions used to calculate the QPA

may already reflect the population density of the pick-up location, the population density, due to additional distinctions, such as between metropolitan areas within a state, or between rural and frontier areas, demonstrations of good faith efforts (or lack of thereof) made by the OON provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous 4 plan years, or credible information about demonstrations of good faith efforts (or lack thereof) made by the nonparticipating provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan, as applicable, during the previous 4 plan years. Significant weight was given to enumerated Factors 2, 3, 4, and 5 above; Some weight was given to enumerated Factors 1, 6, and 7 above, in reaching this determination. The Initiating Party's offer best represents the value of services that are the subject of this payment determination.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. National Medical Reviews, Inc. has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-4305917 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4305917 was PHI Health, LLC. The initiating party's NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on November 17, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact National Medical Reviews, Inc.. Include your IDR Reference number referenced above.

Thank you,

National Medical Reviews, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4274479

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4274479** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$10,196.20** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025178CE9001 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $10,196.20

Blue Cross Blue Shield Ohio submitted an offer of $2,470.20

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | X |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party's offer of $10,196.20 best represents the value of the qualified IDR service, rotary wing air mileage, per statue mile (A0436), at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI Health, LLC, provided an offer of $10,196.20 and provided the following information:

1. The provider argues that the QPA has not been correctly calculated. Per Section 6.2 of the Federal IDR Process Guidance for Certified IDREs, October 2022, it is not the role of the certified IDRE to determine whether the QPA has been calculated correctly by the plan. If the certified IDRE or a party believes that the QPA has not been calculated correctly, the certified IDRE or party is encouraged to notify the Departments, and the Departments may take action regarding the QPA's calculation. Notifications regarding incorrect QPA calculations can be submitted to the Departments via email at FederalIDRQuestions@cms.hhs.gov.

2. A statement that the provider's offers are identical to the inflation-adjusted median base rate paid by all commercial plans and issuers in the geographic region.

3. Information documenting the clinical and education requirements of the pilots and clinicians. There were two pilots and two clinicians on-board. The pilots had 27 years and seven years of flight experience, respectively. The two clinicians combined held licensures and certifications in advanced cardiac life support (ACLS), acute care nurse practitioner (ACNP), basic life support (BLS), critical care registered nurse

(CCRN), neonatal resuscitation program (NRP), pediatric advanced life support (PALS), transport professional advanced trauma course (TPATC), flight paramedic certified (FP-C), and international trauma life support (ITLS).

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. A statement that the aircraft’s superior equipment and features allows the provider to offer specialized services beyond those that are required of air ambulance providers. The initiating party’s aircraft are equipped to provide all five levels of care that an air ambulance service may provide and thus can assist patients suffering from the widest variety of medical conditions.

6. A statement that the pickup location was less densely populated than the region used to determine the QPAs.

7. Information that the transport would have taken 25 minutes by ground versus 10 minutes by air.

8. A statement that the initiating party’s offers are consistent with the plan’s prior agreements to reimburse the initiating party.

9. Patient clinical information documents that the patient was a 56-year-old female who presented to the sending facility with complaints of chest pain, nausea, and vomiting. Diagnostic testing revealed that the patient was suffering from a heart attack. Due to the critical nature of the patient’s condition and the need for advanced cardiac equipment and care that exceed the care provided by ground ambulance providers, the attending physician determined that immediate rapid air transport and advanced in-transit care was required for time-sensitive emergency care at the nearest appropriate facility equipped to provide the required treatment. The air ambulance team arrived promptly and conducted a comprehensive pre-transport assessment. During the transport, the team applied the cardiac monitor, administered intravenous (IV) medications and infusions, and closely monitored the patient’s condition and remained ready to address any emergent needs.

The non-initiating party, Blue Cross Blue Shield Ohio, provided an offer of $2,470.20 and provided the following information:

1. An offer and the geographic coverage and coverage area related to the QPA. The documentation submitted does not include additional information related to the offer.

In reviewing the QPA, which was $2,470.20, and the above-noted information submitted by both parties, C2C finds that the documentation from the initiating party includes a brief that details the background and offer; an argument in support of the offer; and a review of the six circumstances with information specific to this dispute. C2C reviewed this evidence and found the additional information submitted by the non-initiating party did not support the offer. As noted in the regulation cited above, the additional information must be related to at least one of the six circumstances. In this instance, the non-initiating party did not argue any of the six circumstances. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party's evidence regarding the review of the six circumstances with information specific to this dispute was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C's determination that the initiating party's offer of $10,196.20 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-4274479 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a

subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4274479 was PHI Health, LLC. The initiating party's NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on November 19, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4415968

Medical Evaluators of Texas has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4415968** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Medical Evaluators of Texas has determined that the out-of-network payment amount of **$22,330.44** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025185BX2236 under this dispute.

Medical Evaluators of Texas based this determination on a review of the following:

PHI Health, LLC submitted an offer of $22,330.44

Blue Cross Blue Shield Ohio submitted an offer of $5,434.44

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

In determining which offer best represents the value of this service, the highest weight was given to information pertaining to the point of pickup (rural location), the high acuity of the patient, and historical rates between the parties. The information presented by the initiating party pertaining to these factors supports its offer. Moreover, the non-initiating party has not presented any argument or evidence in support of its offer. Accordingly, the total out-of-network (OON) payment amount offered by the initiating party has been selected as the appropriate OON rate.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Medical Evaluators of Texas has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-4415968 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4415968 was PHI Health, LLC. The initiating party’s NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on November 19, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Medical Evaluators of Texas. Include your IDR Reference number referenced above.

Thank you,

Medical Evaluators of Texas

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4428905

Medical Evaluators of Texas has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4428905** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Medical Evaluators of Texas has determined that the out-of-network payment amount of **$26,390.52** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025235BR3652 under this dispute.

Medical Evaluators of Texas based this determination on a review of the following:

PHI Health, LLC submitted an offer of $26,390.52

Anthem Inc. submitted an offer of $6,422.52

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

In this case, the patient's acuity was an important factor. The transport was for a male 70-year-old patient. Patient Wunsch was suffering from a large intracranial hemorrhage. On the day of transport, the patient, with a history of intracranial hemorrhage, presented to the sending facility with declined levels of consciousness, critically elevated blood pressure, and sudden onset of dizziness, weakness, nausea, and vomiting. Diagnostic tests and imaging scans confirmed that the patient was suffering from a large intracranial hemorrhage. Complications of an intracranial hemorrhage include cognitive and emotional impairment, motor and sensory deficits, paralysis, and coma. Due to the critical nature of the patient's condition and the need for advanced

hemodynamic equipment and care that exceed the care provided by ground ambulance providers, Dr. Nicholson, the attending physician, determined that immediate rapid air transport and advanced in-transit care was required for time-sensitive emergency care at the nearest appropriate facility equipped to provide the required neurosurgery services. Additionally, the air ambulance sufficiently demonstrated their quality and outcome accreditations for their company and their transport vehicles. The highest weight was given to the acuity of the patient. In this case, the population density is less than 254 people per mile according to a search for population density in the zip code of pickup. Picking up a patient in an area with a low population density such as this, increases cost due to the low number of patients that need an air ambulance transport. The costs for running an air ambulance in rural areas increases the costs. Therefore, the total out-of-network payment amount of $ 26,390.52 offered by the initiating party under this dispute has been selected as the appropriate out-of-network (OON) rate.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Medical Evaluators of Texas has determined that Anthem Inc. is the non-prevailing party in DISP-4428905 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4428905 was PHI Health, LLC. The initiating party's NPI is 1871850693 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on November 20, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Medical Evaluators of Texas. Include your IDR Reference number referenced above.

Thank you,

Medical Evaluators of Texas

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4382244

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4382244** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$47,083.87** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025105CO0911 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $47,083.87

Blue Cross Blue Shield Ohio submitted an offer of $18,805.39

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

Maximus reviewed the documentation submitted by the initiating party in relation to the factors above. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient, demonstrating that their offer is more appropriate for the item or service in dispute based on the information they provided specific to the acuity of the patient or the complexity of rendering the service. Maximus has also reviewed the objection by the non-initiating party and determined this case is eligible for arbitration based on the information in the record. The non-initiating party submitted no information aside from their objection demonstrating why their

offer was the best representation of the value of the item or service rendered. Thus, based on the information submitted, including the QPA and acuity or complexity, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-4382244 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4382244 was PHI Health, LLC. The initiating party’s NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on November 21, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4305916

MCMC Services, LLC has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4305916** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, MCMC Services, LLC has determined that the out-of-network payment amount of **$43,373.10** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025196FD2916 under this dispute.

MCMC Services, LLC based this determination on a review of the following:

PHI Health, LLC submitted an offer of $43,373.10

Blue Cross Blue Shield Ohio submitted an offer of $18,805.39

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

After a thorough review of the QPA, Notices of Offer, and additional information, the Initiating Party’s offer best represents the value of the qualified IDR item or service. The Initiating Party’s offer adequately takes into account Quality and Outcomes Measurement, Patient Acuity and Level of Training. The Initiating Party submitted information relating to the vehicle type, population density and good faith efforts of the provider of air ambulance services that furnished the services. The Initiating Party also submitted information regarding the level of training, experience, and quality of medical personnel that furnished the air ambulance services. This information demonstrates that the Initiating Party’s offer best represents the value of this unique qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. MCMC Services, LLC has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-4305916 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4305916 was PHI Health, LLC. The initiating party’s NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on November 24, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as

opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact MCMC Services, LLC. Include your IDR Reference number referenced above.

Thank you,

MCMC Services, LLC

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4339382

Island Peer Review Organization has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4339382** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Island Peer Review Organization has determined that the out-of-network payment amount of **$17,843.35** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025196EY2638 under this dispute.

Island Peer Review Organization based this determination on a review of the following:

PHI Health, LLC submitted an offer of $17,843.35

Anthem Inc. submitted an offer of $4,322.85

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

IPRO has completed its review of the payment dispute identified under case number DISP- 4339382, involving the qualified IDR item or service billed under CPT code A0436. After a comprehensive evaluation of all documentation and arguments submitted by both parties, IPRO determines that the payment amount of $17,843.35, as offered by PHI Health, LLC, most accurately reflects the appropriate out-of-network (OON) rate for the service in question.

This determination was made in accordance with the requirements of the No Surprises Act and its implementing regulations under 45 CFR §149.510, which outline the criteria that certified IDR entities must consider when selecting between the payment offers submitted by the disputing parties.

In accordance with these requirements, IPRO considered the Qualifying Payment Amount (QPA) and all additional information submitted by both parties. Since the IDRE is not permitted to question the calculation or methodology of the QPA, the IDRE must assume that the QPA was calculated in accordance with the law. The following statutory and regulatory factors were considered:

· The quality and outcomes measurements of the provider that furnished the services

· The acuity of the condition of the participant, beneficiary, or enrollee or the complexity of furnishing the service to the participant, beneficiary, or enrollee

· The level of training/experience/quality of the medical personnel

· Air ambulance vehicle type, including clinical capability level of the vehicle

· Population density of the point of pick-up

· Demonstration of the parties' good faith efforts (or lack thereof) to enter into network agreements with each other

· Additional information submitted by a party

Based on the totality of the evidence and the weight of the statutory factors, IPRO finds that the offer submitted by PHI Health, LLC best represents the value of the qualified IDR service. Accordingly, IPRO selects the offer of $17,843.35 by PHI Health, LLC as the appropriate out-of-network (OON) payment amount for DISP- 4339382.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Island Peer Review Organization has determined that Anthem Inc. is the non-prevailing party in DISP-4339382 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4339382 was PHI Health, LLC. The initiating party’s NPI is 1871850693 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on November 25, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Island Peer Review Organization. Include your IDR Reference number referenced above.

Thank you,

Island Peer Review Organization

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4351663

National Medical Reviews, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4351663** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, National Medical Reviews, Inc. has determined that the out-of-network payment amount of **$6,283.76** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025182DR1382 under this dispute.

National Medical Reviews, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $6,283.76

Anthem Inc. submitted an offer of $1,729.14

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | X |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 7 | Additional information submitted by a party | | X |

**Final Determination Rationale**

Both parties submitted offers to be considered by the certified Independent Dispute Resolution (IDR) entity. The Qualifying Payment Amount (QPA) was submitted by the Non-Initiating Party.

The evaluation of the air ambulance services took into account several key factors to comprehensively assess the effectiveness, efficiency, and quality of services delivered.

EXHIBIT B

The Initiating Party submitted information with respect to:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services (given significant weight).

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the services, and the complexity of providing services to the participant, beneficiary, or enrollee (given moderate weight).

3. The level of training, experience, and quality of medical personnel that furnished the air ambulance services (given significant weight).

4. The air ambulance vehicle type, including the clinical capability level of such vehicle, only to the extent that the QPA did not already take such information into account and credible information on the air ambulance vehicle type and the vehicle's level of clinical capability to the extent that the QPA did not already take such information into account (given significant weight).

5. The population density of the point of pick-up for the air ambulance of the participant, beneficiary, or enrollee, taking into consideration whether the pickup point was urban, suburban, rural or frontier (given significant weight).

The Non-Initiating Party submitted information with respect to:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services (given minimal weight).

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the services, or the complexity of providing services to the participant, beneficiary, or enrollee (given minimal weight).

3. The level of training, experience, and quality of medical personnel that furnished the air ambulance services (given minimal weight).

4. The air ambulance vehicle type is already accounted for in the QPA (given minimal weight).

5. The level of market share for air ambulance providers in that city, county,

region or state (given minimal weight).

6. The current contracted rates for air ambulance providers who have entered into contracts with the health plan for the benefit of their members (given minimal weight).

By considering these factors, and by weighing the information provided by the parties regarding each factor, a well-rounded understanding of the air ambulance service provider's performance and the potential areas for improvement or necessary adjustments was evaluated.

Based on this evaluation, the offer of the Initiating Party best represents the value of the air services that are the subject of this payment determination. Therefore, the ruling is in favor of the Initiating Party.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. National Medical Reviews, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-4351663 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4351663 was PHI Health, LLC. The initiating party's NPI is 1871850693 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on November 28, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact National Medical Reviews, Inc.. Include your IDR Reference number referenced above.

Thank you,

National Medical Reviews, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4250796

EdiPhy Advisors, L.L.C. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4250796** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, EdiPhy Advisors, L.L.C. has determined that the out-of-network payment amount of **$45,633.17** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025004BQ9050 under this dispute.

EdiPhy Advisors, L.L.C. based this determination on a review of the following:

PHI Health, LLC submitted an offer of  $45,633.17

Blue Cross Blue Shield Ohio submitted an offer of  $18,805.39

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

For each of the determination factors for which there is an “x” in the *Initiating Party* and/or *Non-Initiating Party* column of the above chart, this means the party provided supporting information (regardless of whether the information provided persuaded the Arbitrator that the factor should inform his/her decision). If the “additional information factor” is not checked, this may mean that either (i) no information other than information related to the specific factors was provided; or (ii) additional information was provided but the Arbitrator, in her/his sole discretion, determined such information was not related to the offers OR it was prohibited by the law. You must observe

the decision rationale below to know which party provided the evidence that persuaded the IDRE to rule for the Prevailing Party on each factor.

The IDRE considered all the briefs and all permissible arguments and evidence submitted by the parties. The IDRE did not consider arguments or evidence which is prohibited by applicable regulations or guidance. The QPA and all additional information for which evidence was offered or arguments were made, as indicated, were considered and the following circumstances and information were found to weigh in favor of the Prevailing Party and were found to outweigh any information offered by the non-prevailing party. Any factor listed here was given sufficient weight by the arbitrator to influence the outcome of the decision:

(1) Quality Outcomes;(2) Acuity of condition, complexity of services;(3) Training, experience and quality (necessary to treat the condition);(4) Ambulance vehicle type

If the Arbitrator concluded in her/his sole discretion that the submitting party failed to provide sufficient evidence on one of the other factors then it was not given weight and it will not be listed above in the rationale.

If there are any additional arguments or evidence among the rationale, the Arbitrator did consider them and if any of these arguments were given weight they are discussed here:

While the IDRE appreciates the information provided regarding Health Plan's QPA not being an accurate reflection of appropriate OON rates, the information provided goes to the QPA calculation and/or Congress's decision to implement the QPA process, which the regulations state "it is not the role of the IDR to determine whether the QPA has been calculated correctly by the plan or issuer." The IDRE notes that the NIP (Health Plan) only submitted an objection to the eligibility of the dispute and did not submit any other persuasive argument in its favor. The IDRE has overruled the NIP's objection based on the evidence (or lack thereof) provided by the parties. The IP (Provider) however submitted a brief and a persuasive argument in its favor. Based on the evidence submitted, the IDRE ruled in favor of the IP (provider).

Accordingly, the IDRE concludes Prevailing Party's offer represents the best value of the IDR qualified services at issue in this dispute for these line items and that party's offer should be the Out of Network rate paid on the referenced claims.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. EdiPhy Advisors, L.L.C. has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-4250796 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4250796 was PHI Health, LLC. The initiating party’s NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on December 1, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact EdiPhy Advisors, L.L.C.. Include your IDR Reference number referenced above.

Thank you,

EXHIBIT B

EdiPhy Advisors, L.L.C.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4445070

EdiPhy Advisors, L.L.C. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4445070** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, EdiPhy Advisors, L.L.C. has determined that the out-of-network payment amount of **$36,733.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025198DP3827 under this dispute.

EdiPhy Advisors, L.L.C. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $36,733.40

Anthem Inc. submitted an offer of $28,683.53

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

For each of the determination factors for which there is an "x" in the *Initiating Party* and/or *Non-Initiating Party* column of the above chart, this means the party provided supporting information (regardless of whether the information provided persuaded the Arbitrator that the factor should inform his/her decision). If the "additional information factor" is not checked, this may mean that either (i) no information other than information related to the specific factors was provided; or (ii) additional information was provided but the Arbitrator, in her/his sole discretion, determined such information was not related to the offers OR it was prohibited by the law. You must observe

the decision rationale below to know which party provided the evidence that persuaded the IDRE to rule for the Prevailing Party on each factor.

The IDRE considered all the briefs and all permissible arguments and evidence submitted by the parties. The IDRE did not consider arguments or evidence which is prohibited by applicable regulations or guidance. The QPA and all additional information for which evidence was offered or arguments were made, as indicated, were considered and the following circumstances and information were found to weigh in favor of the Prevailing Party and were found to outweigh any information offered by the non-prevailing party. Any factor listed here was given sufficient weight by the arbitrator to influence the outcome of the decision:

(1) Quality Outcomes;(2) Acuity of condition, complexity of services;(3) Training, experience and quality (necessary to treat the condition);(4) Ambulance vehicle type

If the Arbitrator concluded in her/his sole discretion that the submitting party failed to provide sufficient evidence on one of the other factors then it was not given weight and it will not be listed above in the rationale.

If there are any additional arguments or evidence among the rationale, the Arbitrator did consider them and if any of these arguments were given weight they are discussed here:

While the IDRE appreciates the information provided regarding Health Plan's QPA not being an accurate reflection of appropriate OON rates, the information provided goes to the QPA calculation and/or Congress's decision to implement the QPA process, which the regulations state "it is not the role of the IDR to determine whether the QPA has been calculated correctly by the plan or issuer." The IDRE notes that the NIP (Health Plan) only submitted an objection to the eligibility of the dispute and did not submit any other persuasive argument in its favor. The IDRE has overruled the NIP's objection based on the evidence (or lack thereof) provided by the parties. The IP (Provider) however submitted a brief and a persuasive argument in its favor. Based on the evidence submitted, the IDRE ruled in favor of the IP (provider).

Accordingly, the IDRE concludes Prevailing Party's offer represents the best value of the IDR qualified services at issue in this dispute for these line items and that party's offer should be the Out of Network rate paid on the referenced claims.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

• **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. EdiPhy Advisors, L.L.C. has determined that Anthem Inc. is the non-prevailing party in DISP-4445070 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4445070 was PHI Health, LLC. The initiating party’s NPI is 1861758914 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on December 1, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact EdiPhy Advisors, L.L.C.. Include your IDR Reference number referenced above.

Thank you,

EXHIBIT B

EdiPhy Advisors, L.L.C.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4394939

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4394939** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$47,083.87** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025057CM8852 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $47,083.87

Blue Cross Blue Shield Ohio submitted an offer of $18,805.39

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about February 23, 2025, with a pick-up location in Ohio.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Blue Cross Blue Shield Ohio ("Blue"), did not provide information or arguments about the NSA factors, and Blue submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-4394939 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4394939 was PHI Health, LLC. The initiating party’s NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on December 4, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

EXHIBIT B

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made - Fees and Offer from One Party Only
**IDR reference number:** DISP-1585472

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-1585472** and has determined that PHI Health, LLC is the prevailing party in this dispute.

Because only one party, PHI Health, LLC , submitted an offer and paid the corresponding fees, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of $39,213.13 offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2024120FC6331 under this dispute.

**Final Determination Rationale**
The certified IDR entity requested fees and offers from both parties, however, the certified IDR entity did not receive an offer and/or fees from one party. As a result, the certified IDR entity has found in favor of the party that submitted an offer and fees.
C2C Innovative Solutions, Inc. did not receive an offer and/or fees from Blue Cross Blue Shield Ohio . As a result, the certified IDR entity has found in favor of PHI Health, LLC , the only party to submit an offer and fees.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-1585472 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their

implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-1585472 was PHI Health, LLC. The initiating party’s NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on December 5, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made - Fees and Offer from One Party Only
**IDR reference number:** DISP-4382855

Keystone Peer Review Organization, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4382855** and has determined that PHI Health, LLC is the prevailing party in this dispute.

Because only one party, PHI Health, LLC , submitted an offer and paid the corresponding fees, Keystone Peer Review Organization, Inc. has determined that the out-of-network payment amount of $40,459.73 offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025135CC8932 under this dispute.

**Final Determination Rationale**
The certified IDR entity requested fees and offers from both parties, however, the certified IDR entity did not receive an offer and/or fees from one party. As a result, the certified IDR entity has found in favor of the party that submitted an offer and fees.
Keystone Peer Review Organization, Inc. did not receive an offer and/or fees from Blue Cross Blue Shield Ohio . As a result, the certified IDR entity has found in favor of PHI Health, LLC , the only party to submit an offer and fees.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Keystone Peer Review Organization, Inc. has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-4382855 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and

717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4382855 was PHI Health, LLC. The initiating party's NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on December 6, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Keystone Peer Review Organization, Inc.. Include your IDR Reference number referenced above.

Thank you,

Keystone Peer Review Organization, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-1729373

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-1729373** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$39,213.13** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2024081CH4447 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $39,213.13

Blue Cross Blue Shield Ohio submitted an offer of $15,000.00

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party’s offer of $39,213.13 best represents the value of the qualified IDR service, ambulance service, conventional air services, transport, one way (rotary wing) (A0431), at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

EXHIBIT B

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

EXHIBIT B

The initiating party, PHI Health, LLC, provided an offer of $39,213.13 and provided the following information:

1. The initiating party states that the patient was a 59-year-old suffering from an intracranial hemorrhage. The patient was transported to the nearest comprehensive stroke center for needed interventional neurology services. During transport, the flight crew initiated intravenous infusion for blood pressure control, administered intravenous medication, and placed an arterial line for invasive hemodynamic monitoring. They also continually monitored the patient for any changes in condition.

2. The initiating party states that they are nationally recognized for the quality of care that they provide. Specifically, they state that they have received multiple Mission: Lifeline awards from the American Heart Association, multiple Vision Zero aviation safety awards from the Association of Air Medical Services, and multiple Tim Hynes awards from the International Association of Flight and Critical Care Paramedics.

3. The initiating party states that they previously were in-network with the health plan from November of 2014 through December of 2017; however, they further state that the health plan refused to negotiate updated contractual agreements or pay market rates for the initiating party’s services.

4. The initiating party states that the population density of the point of pickup is rural.

5. The initiating party states that one pilot had nine years of flight experience, and the other pilot had 45 years of flight experience.

6. The initiating party states that this aircraft’s equipment and features offer services beyond those that are required of air ambulance providers. They further state this aircraft can accommodate up to four clinicians.

The non-initiating party, Blue Cross Blue Shield Ohio, provided an offer of $15,000.00 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The documentation submitted does not include additional information related to one of the five circumstances.

2. The non-initiating party states the dispute is ineligible because the four-day timeline was exceeded. However, as noted in the Federal IDR Process Guidance for Disputing Parties, April 2022, if the non-initiating party believes that the Federal IDR Process is not applicable, the non-initiating party must notify the Departments by submitting the relevant information through the Federal IDR portal as part of the certified IDRE selection process. This information must be provided no later than one business day after the end of the three-business-day period for certified IDRE selection, (the same date that the notice of selection or of failure to select a certified IDRE must be submitted). This notification must include information regarding the Federal IDR Process inapplicability. In this instance, the non-initiating party failed to timely object to the applicability of the Federal IDR Process. The failure to object is considered implied acceptance.

In reviewing the QPA, which was $50,861.00, and the above-noted information submitted by both parties, C2C finds the initiating party's evidence includes information regarding patient acuity, clinical capability of the vehicle, population density, the provider's level of training, quality outcomes, and good faith efforts. As noted in the regulation cited above, the additional information must be related to at least one of the six circumstances. In this instance, the non-initiating party did not provide information related to at least one of the six circumstances or supporting records. This information is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party's evidence regarding patient acuity, clinical capability of the vehicle, population density, the provider's level of training, quality outcomes, and good faith efforts was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C's determination that the initiating party's offer of $39,213.13 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by

the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-1729373 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-1729373 was PHI Health, LLC. The initiating party’s NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on December 9, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

EXHIBIT B

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4351400

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4351400** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$39,213.13** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025032RH5183 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of  $39,213.13

Blue Cross Blue Shield Ohio submitted an offer of  $20,634.31

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party's offer of $39,213.13 best represents the value of the qualified IDR service, rotary wing air transport (A0431), at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

EXHIBIT B

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI HEALTH, LLC, provided an offer of $39,213.13 and provided the following information:

1. A statement that the provider responded to a request for air ambulance transportation for a 54-year-old male patient suffering from a femoral artery occlusion. Additional statements that diagnostic tests and assessment(s) determined that the patient was suffering from a complete occlusion of the proximal right superficial femoral artery. Complications of such an arterial occlusion include but are not limited to poor perfusion, loss of function, gangrene, loss of limb, infection, sepsis, septic shock, and death. Moreover, a statement that due to the critical nature of the patient's condition and the need for advanced cardiovascular equipment and care that exceed the care provided by ground ambulance providers, the attending physician determined that rapid air transport and advanced in-transit care was required. A statement that the higher-level facility, or receiving facility, agreed to accept the patient. Additionally, a statement that the air medical team, a critical care registered nurse and a critical care paramedic, conducted a comprehensive pre-transport patient assessment. Furthermore, a statement that during transport, the team applied the cardiac monitor, administered an intravenous infusion of medication, administered oxygen therapy, and closely monitored the patient's condition.

2. A statement the QPAs in this case were likely calculated using hospital and hospital groups' rates and are, therefore, unreliable. Additionally, a statement that the health plan did not respond to repeated requests for information related to this issue. The provider argues that the QPA has not been correctly calculated. Per Section 6.2 of the Federal IDR Process Guidance for Certified IDREs, October 2022, it is not the role of the certified IDRE to determine whether the QPA has been calculated correctly by the plan. If the certified IDRE or a party believes that the QPA has not been calculated correctly, the certified IDRE or party is encouraged to notify the Departments, and the Departments may take action regarding the QPA's calculation. Notifications regarding incorrect QPA calculations can be submitted to the Departments via email at FederalIDRQuestions@cms.hhs.gov.

3. Documentation of the zip code for the pick-up location is provided. A statement that this is a rural area is included in the brief.

4. A statement that the provider leveraged its team of pilots and clinicians whose credentials, training, and experience exceed licensing requirements. Evidence of a job description for the flight captain and other positions is provided. Evidence of curriculum vitae (CV) of the pilot, critical care paramedic, and flight nurse is included.

5. Evidence regarding the provider's air ambulance vehicle and its clinical capabilities is provided. Evidence of the equipment package list is also provided.

6. The provider's accolades, accreditation of its programs, and participation in a quality collaborative are specified.

7. A statement that despite having a prior long-time network agreement, Anthem's refusal to negotiate updated contractual terms or pay market rates for the provider's services in addition to the health plan's failure to process claims in a timely and efficient manner required the provider to become an out-of-network provider.

8. Evidence of C2C's request for the determination notice.

The non-initiating party, Blue Cross Blue Shield Ohio, provided an offer of $20,634.31 and provided the following information:

1. An offer, the geographic and coverage area related to the QPA, proof of payment, and a provider claim summary. The documentation submitted does not include additional information related to one of the five circumstances.

2. Evidence of C2C's request for the proof of the 90-day cooling period. C2C also requested specifics on the particular dispute causing the objection related to the cooling period.

In reviewing the QPA, which was $20,634.31 and the above-noted information submitted by both parties, C2C finds the documentation from the initiating party includes a brief that details the background and offer; an argument in support of the offer; and a review of the circumstances with information specific to this dispute. As noted in the regulation cited above, the additional information must be related to at least one of the five circumstances. In this instance, the non-initiating party did not provide information related to at least one of the five circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party's evidence, including the review of the circumstances specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C's determination that the initiating party's offer of $39,213.13 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-4351400 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

EXHIBIT B

The initiating party with respect to dispute number DISP-4351400 was PHI Health, LLC. The initiating party's NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on December 9, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4196118

Medical Evaluators of Texas has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4196118** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Medical Evaluators of Texas has determined that the out-of-network payment amount of **$3,590.72** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025199CC6871 under this dispute.

Medical Evaluators of Texas based this determination on a review of the following:

PHI Health, LLC submitted an offer of $3,590.72

Blue Cross Blue Shield Ohio submitted an offer of $988.08

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

In this case, the patient's acuity was an important factor. The transport was for Patient Thein was suffering from a brain metastasis with lesions and bilateral pulmonary emboli. The patient was recently diagnosed with a left axillary mass with metastatic disease in the abdomen and was scheduled for surgery. On the day of transport, the patient was found by the police experiencing a seizure-like activity with altered mental status. Ground emergency medical services (EMS) were called to the scene and transported the patient to the sending facility. At the sending facility, the patient underwent another episode of seizure and exhibited a persistent right gaze deviation and whole-body abnormal posture. The patient's rapidly deteriorating

condition prompted multiple medical interventions, including endotracheal intubation for airway protection and advanced ventilation therapy. Diagnostic tests and imaging scans revealed that the patient was suffering from multiple hemorrhagic mass lesions in the bilateral cerebral parenchyma, consistent with cancerous metastasis to the brain, bilateral pulmonary emboli with early evidence of right heart strain, a 15 cm left axillary mass with associated enlarged lymph nodes, severe acidosis, and leukocytosis. Additionally, the results of the assessment confirmed the presence of several bilateral renal masses. Complications related to such condition include brain herniation, cognitive and emotional impairment, motor and sensory deficits, paralysis, recurrent seizures, and stroke. Due to the severity of the patient's condition and the need for advanced airway management and hemodynamic equipment and care that exceed the care provided by ground ambulance providers, Dr. Napora, the attending physician, determined that immediate rapid air transport and advanced in-transit care was required for time-sensitive emergency care at the nearest appropriate facility equipped to provide the required oncology and neurosurgery services. Additionally, the air ambulance sufficiently demonstrated their quality and outcome accreditations for their company and their transport vehicles. The determination was made in favor of the initiating party. The non-initiating party did not provide any brief describing why a lower reimbursement was appropriate in this case. The highest weight was given to the good faith efforts to resolve the dispute by engaging with the arbitration process. As the initiating party has more fully participated in the IDR process, their offer has been chosen as the appropriate amount. Therefore, the total out-of-network payment amount of $ 3,590.72 offered by the initiating party under this dispute has been selected as the appropriate out-of-network (OON) rate.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Medical Evaluators of Texas has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-4196118 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their

implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4196118 was PHI Health, LLC. The initiating party’s NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on December 12, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Medical Evaluators of Texas. Include your IDR Reference number referenced above.

Thank you,

Medical Evaluators of Texas

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4339381

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4339381** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$47,083.87** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025196EY2638 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $47,083.87

Anthem Inc. submitted an offer of $18,805.39

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party's offer of $47,083.87 best represents the value of the qualified IDR service, rotary wing air transport (A0431), at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

EXHIBIT B

The initiating party, PHI Health, LLC, provided an offer of $47,083.87 and provided the following information:

1. A statement that the 7-year-old male patient was suffering from a pediatric small bowel obstruction at the time of transport. A further statement that prior to the day of transport, the pediatric patient accidently ingested a small toy, causing him the inability to digest food and drinks. Of note in the brief, complications of a small bowel obstruction include ischemia, loss of bowel tissue, perforation of bowel tissue, infection, sepsis, septic shock, abdominal abscess, dehydration, hypovolemia, hypovolemic shock, electrolyte imbalance, and malnutrition. Moreover, statements that due to the critical nature of the patient's condition and the need for advanced airway management, hemodynamic equipment, and care that exceeded the care provided by ground ambulance providers, the attending physician determined that immediate rapid air transport and advanced in-transit care were required. The patient needed time-sensitive emergency care to the nearest appropriate pediatric center equipped to provide pediatric gastroenterology and pediatric surgery services. A statement that during the flight, the air medical team applied cardiac monitoring and closely monitored the patient's blood pressure, vital signs, oxygen levels, and condition.

2. A statement that the health plan's QPA does not reflect the appropriate out-of-network rates. It neither accounts for the provider's superior services nor the condition and needs of the patient. Furthermore, the health plan ignored the provider's requests for information about the underlying data used to calculate the QPA. The provider argues that the QPA has not been correctly calculated. Per Section 6.2 of the Federal IDR Process Guidance for Certified IDREs, October 2022, it is not the role of the certified IDRE to determine whether the QPA has been calculated correctly by the plan. If the certified IDRE or a party believes that the QPA has not been calculated correctly, the certified IDRE or party is encouraged to notify the Departments, and the Departments may take action regarding the QPA's calculation. Notifications regarding incorrect QPA calculations can be submitted to the Departments via email at FederalIDRQuestions@cms.hhs.gov.

3. A statement that the pick-up location was approximately 36.1 miles from the point of pick-up by road. Evidence of the population density for the applicable zip code is provided.

4. A statement that Blue Cross Blue Shield companies and the provider have memorialized some of their payment agreements in formal written contracts.

5. Statements that support the training and the experience requirements of the provider's on-duty team are provided. Additionally, a statement that these qualifications exceed national standards. Evidence of the physician's curriculum vitae (CV) is provided in the brief. Within this CV, it is noted that this provider completed medical school in 1994.

6. Evidence regarding the provider's air ambulance vehicle and its clinical capabilities is provided.

7. The provider’s accolades, accreditation of its programs, and participation in a quality collaborative are specified.

8. Evidence of C2C’s request for the determination notice. C2C also requested proof of the objection, including the dispute causing the objection. Moreover, C2C requested an IDRE initial payment determination to validate the 90-day cooling period. Also, C2C requested the group number(s) for the claim(s) and the supporting documentation.

The non-initiating party, Anthem Inc., provided an offer of $18,805.39 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The documentation submitted does not include additional information related to one of the five circumstances.

2. Evidence of C2C’s request for the group number(s) for the claim(s) and the proof of the 90-day cooling period.

In reviewing the QPA, which was $18,805.39, and the above-noted information submitted by both parties, C2C finds the documentation from the initiating party includes a brief that details the background and offer; an argument in support of the offer; and a review of the circumstances with information specific to this dispute. As noted in the regulation cited above, the additional information must be related to at least one of the five circumstances. In this instance, the non-initiating party did not provide information related to at least one of the five circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party’s evidence, including the review of the circumstances specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C's determination that the initiating party's offer of $47,083.87 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-4339381 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4339381 was PHI Health, LLC. The initiating party's NPI is 1871850693 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on December 12, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4658951

National Medical Reviews, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4658951** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, National Medical Reviews, Inc. has determined that the out-of-network payment amount of **$47,083.87** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025235BQ4034 under this dispute.

National Medical Reviews, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $47,083.87

Blue Cross Blue Shield Ohio submitted an offer of $18,805.39

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

This case is a non-participating air ambulance provider and health insurance issuer payment determination under the Federal Independent Dispute Resolution (IDR) process.

Both parties submitted offers in this case.

EXHIBIT B

Based on the credible information submitted, the Initiating Party's offer was selected.

Both parties submitted offers to be considered by the certified IDR entity.

The Initiating Party submitted credible information with respect to:

The quality and outcomes measurements of the provider of air ambulance services that furnished the services. (given moderate weight),

The acuity of the condition of the participant, beneficiary, or enrollee receiving the services, or the complexity of providing services to the participant, beneficiary, or enrollee. (given significant weight),

The level of training, experience, and quality of medical personnel that furnished the air ambulance services. ,(given significant weight),

The air ambulance vehicle type, including the clinical capability level of such vehicle. (given significant weight),

The population density of the point of pick-up for the air ambulance of the participant, beneficiary, or enrollee (such as urban, suburban, rural, or frontier). (given moderate weight),

Demonstrations of good faith efforts (or lack of thereof) made by the Out of Network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous 4 plan years. (given moderate weight),

The Non-Initiating Party submitted credible information with respect to:

The Qualifying Payment Amount (QPA), (given moderate weight),

After a complete and careful consideration of the offers made by the parties, the QPA, and other credible additional information submitted, and after applying the No Surprises Act statutory provisions, the Initiating Party's offer best represents the value of the service that is the subject of this unique payment determination. The Initiating Party demonstrated how the information it provided regarding member acuity and provider training in this case made an impact on the care that was provided or the appropriate out-of-network rate. The significant weight was given to information about the member's acuity, air ambulance vehicle type and the provider's experience. Moderate weight was given to the QPA, contracting history and population density. The credible information demonstrates that the Initiating Party's offer best represents the value of the air ambulance qualified IDR items or services in this unique payment determination case.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. National Medical Reviews, Inc. has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-4658951 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4658951 was PHI Health, LLC. The initiating party’s NPI is 1871850693. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on December 30, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact National Medical Reviews, Inc.. Include your IDR Reference number referenced above.

Thank you,

National Medical Reviews, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message*

*is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4500988

National Medical Reviews, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4500988** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, National Medical Reviews, Inc. has determined that the out-of-network payment amount of **$47,083.87** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025200CH7578 under this dispute.

National Medical Reviews, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $47,083.87

Blue Cross Blue Shield Ohio submitted an offer of $18,805.39

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

This case is a non-participating air ambulance provider and health insurance issuer payment determination under the Federal Independent Dispute Resolution (IDR) process.

Both parties submitted offers in this case. Based on the credible information submitted, the Initiating Party’s (IP) offer was selected.

The Initiating Party submitted credible information with respect to:

The quality and outcomes measurements of the provider of air ambulance services that furnished the services (given moderate weight),

The acuity of the condition of the participant, beneficiary, or enrollee receiving the services, or the complexity of providing services to the participant, beneficiary, or enrollee (given significant weight),

The level of training, experience, and quality of medical personnel that furnished the air ambulance services (given significant weight),

The air ambulance vehicle type, including the clinical capability level of such vehicle (given moderate weight),

The population density of the point of pick-up for the air ambulance of the participant, beneficiary, or enrollee (such as urban, suburban, rural, or frontier)(given significant weight),

Demonstrations of good faith efforts (or lack of thereof) made by the OON provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous 4 plan years (given significant weight), and

Additional information that is credible and relates to the offer submitted by either party and does not include information on factors that are prohibited (given moderate weight).

The Non-Initiating Party (NIP) submitted credible information with respect to:

Additional information that is credible and relates to the offer submitted by either party and does not include information on factors that are prohibited (given moderate weight).

After a complete and careful consideration of the offers made by the parties, the Qualifying Payment Amount (QPA), and other additional information submitted, and after applying the No Surprises Act (NSA) statutory provisions, the Initiating Party's offer best represents the value of the service that is the subject of this unique payment determination. The information demonstrates that the QPA did not adequately account for the additional permissible information submitted by the Initiating Party. Significant weight was given to the acuity of the condition of the participant, beneficiary, or enrollee receiving the services, or the complexity of

providing services to the participant, beneficiary, or enrollee and the level of training, experience, and quality of medical personnel that furnished the air ambulance services. The Initiating Party's offer best represents the value of the air ambulance qualified IDR items or services in this unique payment determination case.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. National Medical Reviews, Inc. has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-4500988 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4500988 was PHI Health, LLC. The initiating party's NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on December 16, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**

Visit the No Surprises website for additional IDR resources.

**Contact information**

For questions, contact National Medical Reviews, Inc.. Include your IDR Reference number referenced above.

Thank you,

National Medical Reviews, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4513606

Provider Resources, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4513606** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Provider Resources, Inc. has determined that the out-of-network payment amount of **$20,392.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025205CJ2843 under this dispute.

Provider Resources, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $20,392.40

Blue Cross Blue Shield Ohio submitted an offer of $3,164.00

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

Provider Resources LLC (PRI) considered the QPA, and all non-prohibited compelling information submitted by both parties to determine the appropriate out-of-network rate. The chart above indicates the type of information submitted by each party and reviewed by PRI.

It is PRI 's determination that PHI Health, LLC, the initiating party’s offer best represents the value of the qualified IDR service at issue in this dispute. Hence, PRI has determined PHI Health, LLC prevailed.

PRI considered the objection and determined that the dispute was eligible for review.

The QPA for the service at issue in this dispute (A0436) is $22,760.00. PRI has considered the QPA, and all the evidence submitted by both parties and found the most compelling evidence in this dispute to be the evidence presented by PHI Health, LLC.

The IP submitted information regarding:

• The quality and outcomes measurements of the provider of air ambulance services that furnished the service.

• The acuity of the condition of the participant, beneficiary, or enrollee receiving the services; and/or the complexity of providing services to the participant, beneficiary or enrollee.

• The level of training, experience, and quality of medical personnel that furnished the air ambulance services.

• The air ambulance vehicle type, including the clinical capability level of the vehicle.

• The population density of the point of pick-up.

• Demonstration of good faith efforts (or lack thereof) made by the provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

• Qualified Payment Amount (QPA).

PHI Health, LLC argued that its offer is the appropriate out-of-network rate for the service at issue in this dispute and that the above-mentioned factors warrant selection of their offer as the appropriate out-of-network rate for the IDR item or service. For the above-mentioned reasons(s), PRI finds that the offer presented by PHI Health, LLC best represents the value of the qualified IDR service at issue in this dispute.

Resources

Visit the No Surprises website (https://www.cms.gov/nosurprises) for additional IDR resources.

We also want to learn - from you - about what you need. As we are an organization steeped in quality improvement, we want to know what it is we do that you like and what we can improve. To get your feedback, PRI has assembled a Stakeholder Engagement Team — the first IDRE to do so. We want to hear from you, and we invite you to set up routine meetings with us to discuss matters of concern.

For more information on Provider Resources LLC (PRI) determination review processes, please visit our website at https://www.provider-resources.com/idre or call our Stakeholder Engagement Team Specialist at 855-479-4025.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

EXHIBIT B

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Provider Resources, Inc. has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-4513606 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4513606 was PHI Health, LLC. The initiating party’s NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on December 16, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Provider Resources, Inc.. Include your IDR Reference number referenced above.

Thank you,

Provider Resources, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4532453

Medical Evaluators of Texas has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4532453** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Medical Evaluators of Texas has determined that the out-of-network payment amount of **$47,083.87** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025227CE4853 under this dispute.

Medical Evaluators of Texas based this determination on a review of the following:

PHI Health, LLC submitted an offer of $47,083.87

Blue Cross Blue Shield Ohio submitted an offer of $18,805.39

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

After reviewing the factors the IDRE is permitted to consider under the No Surprises Act, it is determined that the non-initiating party demonstrated a lack of good faith effort by failing to produce documentation in support of its offered amount. Weighing this lack of good faith effort determination against the information provided by the initiating party, including information regarding the participant's acuity and higher risk for complications, demonstrates that the initiating party's final payment offer represents the value of the IDR item or service under this dispute. Therefore, the final payment amount offered by the initiating party under this dispute is selected as the appropriate out-of-network rate.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Medical Evaluators of Texas has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-4532453 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4532453 was PHI Health, LLC. The initiating party’s NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on December 16, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as

opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Medical Evaluators of Texas. Include your IDR Reference number referenced above.

Thank you,

Medical Evaluators of Texas

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

PHI Health, LLC
1033 W Roosevelt Way #500
Tempe, AZ 85288

12/19/2025

VIA EMAIL

pri-idre@provider-resources.com

Re: Opposition to Request to Reopen Final IDR Determination
IDR No.: DISP-4338079
Claim No.: 2025191BZ9087
HCPCS Code(s): A0436

To Whom It May Concern:

PHI Health, LLC ("PHI") submits this letter in response to the request by Anthem Blue Cross Blue Shield of Ohio ("Anthem") to reopen and overturn Provider Resources, Inc.'s written determination in the above-referenced dispute. Provider Resources, Inc. issued a final, binding determination of the appropriate out-of-network rate for PHI's air ambulance services. PHI respectfully requests that Provider Resources, Inc. deny Anthem's request. Under governing law and the Departments' technical guidance, Anthem has not met the standards to reopen this IDR Dispute.

**Legal Standard**

Federal IDR payment determinations are final and legally "binding upon the parties," except in the limited circumstance where there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity. *E.g.*, 45 CFR 149.510(c)(4)(vii)(A)(1).[1] Under the Departments' June 6, 2025, Technical Assistance, a certified IDR entity may *request* reopening of an IDR dispute only to correct a clerical, jurisdictional, or procedural error as defined in that guidance. Consistent with that instruction, and absent express authorization from the Departments, the certified IDR entity must decline to revisit the merits or disturb a closed determination.

Payer disagreements with the certified IDR entity's evaluation of permissible factors, allegations about broader market behavior, or belated arguments that could have been raised during the submission window do not meet the regulatory standard and cannot justify disturbing a final determination.

**No Procedural Defect: Anthem Presents No Evidence That a Cooling-Off Period Applied**

Anthem asserts that a "cooling off period applies to this dispute and has not been completed." But **Anthem provides no evidence to substantiate its assertion**. Anthem does not identify the other IDR dispute that it contends triggered the cooling-off period—let alone show that IDR dispute involved the same parties as the dispute at issue here. Provider Resources, Inc. should not reopen DISP-4338079 based on Anthem's uncorroborated say-so.

---

[1] Parallel regulations are codified in Titles 26 and 29 of the Code of Federal regulations. Those requirements also apply to FEHB plans. 5 CFR 890.114.

**No Clerical Error or Jurisdictional Defect**

Anthem identifies no clerical mistake in the determination, such as transposed figures, party identity, service code, or date errors. Nor does Anthem identify a jurisdictional defect that would divest federal IDR jurisdiction. This was an out of- -network air ambulance dispute properly within the scope of the federal IDR process, and the case proceeded in accordance with the portal timelines.

**No Fraud or Intentional Misrepresentation**

Anthem's email makes generalized accusations of "false representations," "massive" filings, and "inflated offers," but it does not identify any misstatement of material fact by PHI in this specific dispute, let alone any intentional misrepresentation to Provider Resources, Inc. The determination confirms Provider Resources, Inc. considered [the QPA and] weighed the permissible factors. PHI submitted robust, case specific -evidence; and PHI prevailed. Anthem's disagreement with the arbitrator's weighing of that evidence is not fraud and is not a ground for reopening the IDR dispute.

**Conclusion**

For the reasons above, PHI respectfully requests that the certified IDR entity:

1. Deny Anthem's request to reopen or overturn the final payment determination in IDR Reference No. DISP-4338079
2. Confirm the binding effect of the written determination, including the selection of PHI's offer of $16,817.76 as the appropriate out-of-network rate; and
3. Remind Anthem Blue Cross Blue Shield of Ohio of its obligations to timely pay any additional amounts due within 30 calendar days of the determination date and to bear the certified IDR entity fee as the non-prevailing- party.

If Anthem believed the claim(s) were ineligible, it was required to raise that issue during the selection and submission windows with supporting information via the Federal IDR portal. The certified IDR entity proceeded to determination after considering permissible information and the parties' offers. Anthem's after-the-fact, conclusory statements that the dispute was "ineligible" is insufficient to reopen the dispute.

Finality is a cornerstone of the Federal IDR framework. Allowing post hoc relitigation of closed disputes—based on generalized complaints or arguments that could have been raised earlier—would undermine statutory timelines, impair the orderly administration of the program, and erode parties' reliance on the finality of determinations. The exceptions recognized by regulation and the Departments' technical guidance are intentionally narrow, and Anthem has not met them.

Sincerely,

**Kristina Navarro**
Appeals Negotiator, PFS
**T:** 888-211-9010 Ext.7128 | **F:** 877-261-4356
**A:** 1033 W. Roosevelt Way, Ste. 500 | Tempe AZ 85288
Email: knavarro@phiairmedical.com

EXHIBIT B

Your password will expire in 2 days. Click here to change it.

**SECURE: Determination Decision Objection - DISP-4338079**

From: FederalIDRIntake@anthem.com
To: pri-idre@provider-resources.com
Cc:
Sent: 12/18/2025 2:31:03 PM
Attachments: DeterminationPackage .zip

**Title**: DISP-4338079 Anthem Reopen Request

Dear Provider Resources, Inc. ,

The Anthem Independent Dispute Resolution (IDR) Team acknowledges receipt of the IDR determination for the above DISP Number.

We request that this case be reopened, and the determination overturned for the reasons detailed in our attached appeal letter. The appeal may assert, among other considerations, the following points:

1. Making false representations and attestations of eligibility to the government, the IDREs, and health plans;
2. Submitting massive numbers of open negotiations and IDR initiations, some of which are ineligible for IDR, in an attempt to overwhelm health plans, IDREs, and the IDR process; and
3. Submitting inflated payment offers that they could never receive on the open market, including many that exceed the billed charges.

Attached is our formal appeal disputing this decision. We respectfully await your prompt reconsideration. Thank you for your attention to this critical matter.

Anthem Independent Dispute Resolution Team (IDR)

**CONFIDENTIALITY NOTICE:** This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information or may otherwise be protected by law. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message and any attachment thereto.

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4338079

Provider Resources, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4338079** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Provider Resources, Inc. has determined that the out-of-network payment amount of **$16,817.76** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025191BZ9087 under this dispute.

Provider Resources, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $16,817.76

Blue Cross Blue Shield Ohio submitted an offer of $6,299.01

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

Provider Resources LLC (PRI) considered the QPA, and all non-prohibited compelling information submitted by both parties to determine the appropriate out-of-network rate. The chart above indicates the type of information submitted by each party and reviewed by PRI.

It is PRI 's determination that PHI Health, LLC, the initiating party's offer best represents the value of the qualified IDR service at issue in this dispute. Hence, PRI has determined PHI Health, LLC prevailed.

PRI considered the objection and determined that the dispute was eligible for review.

The QPA for the service at issue in this dispute (A0436) is $6,299.01. PRI has considered the QPA, and all the evidence submitted by both parties and found the most compelling evidence in this dispute to be the evidence presented by PHI Health, LLC.

The IP submitted information regarding:

• The quality and outcomes measurements of the provider of air ambulance services that furnished the service.

• The acuity of the condition of the participant, beneficiary, or enrollee receiving the services; and/or the complexity of providing services to the participant, beneficiary or enrollee.

• The level of training, experience, and quality of medical personnel that furnished the air ambulance services.

• The air ambulance vehicle type, including the clinical capability level of the vehicle.

• The population density of the point of pick-up.

• Demonstration of good faith efforts (or lack thereof) made by the provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

• Qualified Payment Amount (QPA).

PHI Health, LLC argued that its offer is the appropriate out-of-network rate for the service at issue in this dispute and that the above-mentioned factors warrant selection of their offer as the appropriate out-of-network rate for the IDR item or service. For the above-mentioned reasons(s), PRI finds that the offer presented by PHI Health, LLC best represents the value of the qualified IDR service at issue in this dispute.

Resources

Visit the No Surprises website (https://www.cms.gov/nosurprises) for additional IDR resources.

We also want to learn - from you - about what you need. As we are an organization steeped in quality improvement, we want to know what it is we do that you like and what we can improve. To get your feedback, PRI has assembled a Stakeholder Engagement Team — the first IDRE to do so. We want to hear from you, and we invite you to set up routine meetings with us to discuss matters of concern.

For more information on Provider Resources LLC (PRI) determination review processes, please visit our website at https://www.provider-resources.com/idre or call our Stakeholder Engagement Team Specialist at 855-479-4025.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

• **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Provider Resources, Inc. has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-4338079 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4338079 was PHI Health, LLC. The initiating party’s NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on December 18, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Provider Resources, Inc.. Include your IDR Reference number referenced above.

Thank you,

EXHIBIT B

Provider Resources, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4394045

MCMC Services, LLC has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4394045** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, MCMC Services, LLC has determined that the out-of-network payment amount of **$47,083.87** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025174CB1079 under this dispute.

MCMC Services, LLC based this determination on a review of the following:

PHI Health, LLC submitted an offer of $47,083.87

Blue Cross Blue Shield Ohio submitted an offer of $18,805.39

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | X |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | X |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

After a thorough review of the QPA, Notice of Offers, and additional information, the Initiating Party’s offer best represents the value of the qualified IDR item or service. The Initiating Party’s offer adequately takes into account level of training and patient acuity. The Initiating Party submitted information relating to the Initiating Party’s level of training, experience, and quality and outcome measurements. In addition, the Initiating Party submitted information relating to acuity of the participant, beneficiary, or enrollee, receiving the qualified IDR item or service, or the complexity of furnishing the qualified IDR item or service to the participant, beneficiary, or enrollee. This information demonstrates that the Initiating Party’s offer best represents the value of this unique qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. MCMC Services, LLC has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-4394045 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4394045 was PHI Health, LLC. The initiating party’s NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on December 19, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as

opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact MCMC Services, LLC. Include your IDR Reference number referenced above.

Thank you,

MCMC Services, LLC

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4415967

MCMC Services, LLC has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4415967** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, MCMC Services, LLC has determined that the out-of-network payment amount of **$46,625.71** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025185BX2236 under this dispute.

MCMC Services, LLC based this determination on a review of the following:

PHI Health, LLC submitted an offer of $46,625.71

Blue Cross Blue Shield Ohio submitted an offer of $18,805.39

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | X |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | X |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

After a thorough review of the QPA, Notice of Offers, and additional information, the Initiating Party’s offer best represents the value of the qualified IDR item or service. The Initiating Party’s offer adequately takes into account Quality and Outcomes Measurement and Level of Training.

The Initiating Party submitted information relating to quality and outcomes measurements of the provider of air ambulance services that furnished the services. The Initiating Party also submitted information regarding the level of training, experience, and quality of medical personnel that furnished the air ambulance services. This information demonstrates that the Initiating Party's offer best represents the value of this unique qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. MCMC Services, LLC has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-4415967 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

EXHIBIT B

The initiating party with respect to dispute number DISP-4415967 was PHI Health, LLC. The initiating party's NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on December 19, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact MCMC Services, LLC. Include your IDR Reference number referenced above.

Thank you,

MCMC Services, LLC

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4428378

MCMC Services, LLC has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4428378** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, MCMC Services, LLC has determined that the out-of-network payment amount of **$33,835.53** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025178CB5747 under this dispute.

MCMC Services, LLC based this determination on a review of the following:

PHI Health, LLC submitted an offer of $33,835.53

Blue Cross Blue Shield Ohio submitted an offer of $8,522.19

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

After a thorough review of the QPA, Notice of Offers, and additional information, the Initiating Party's offer best represents the value of the qualified IDR item or service. The Initiating Party's Offer adequately takes into account Quality and Outcomes Measurement and Level of Training. The Initiating Party submitted information relating to quality and outcomes measurements of the provider of air ambulance services that furnished the services. The Initiating Party also submitted information regarding the experience, and quality of medical personnel that furnished the air ambulance services, the ambulance vehicle type, the population density of the pick up location and its demonstration of good faith efforts to enter into network agreements. This information demonstrates that the Initiating Party's offer best represents the value of this unique qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. MCMC Services, LLC has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-4428378 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4428378 was PHI Health, LLC. The initiating party’s NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on December 21, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as

opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact MCMC Services, LLC. Include your IDR Reference number referenced above.

Thank you,

MCMC Services, LLC

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4729368

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4729368** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$10,196.20** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025260CG3835 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $10,196.20

Blue Cross Blue Shield Ohio submitted an offer of $2,548.80

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

Date: 12/26/2025

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

EXHIBIT B

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about September 7, 2025, with a pick-up location in Ohio.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Blue Cross Blue Shield Ohio ("Blue"), did not provide information or arguments about the NSA factors, and Blue submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-4729368 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4729368 was PHI Health, LLC. The initiating party’s NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on December 26, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4513438

MCMC Services, LLC has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4513438** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, MCMC Services, LLC has determined that the out-of-network payment amount of **$29,422.20** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025220CI1313 under this dispute.

MCMC Services, LLC based this determination on a review of the following:

PHI Health, LLC submitted an offer of $29,422.20

Blue Cross Blue Shield Ohio submitted an offer of $7,410.60

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | X |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | X |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

After a thorough review of the QPA, Notice of Offers, and additional information, the Initiating Party’s offer best represents the value of the qualified IDR item or service. The Initiating Party’s offer adequately takes into account Quality and Outcomes Measurement and Level of Training.

The Initiating Party submitted information relating to quality and outcomes measurements of the provider of air ambulance services that furnished the services. The Initiating Party also submitted information regarding the level of training, experience, and quality of medical personnel that furnished the air ambulance services. This information demonstrates that the Initiating Party's offer best represents the value of this unique qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. MCMC Services, LLC has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-4513438 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4513438 was PHI Health, LLC. The initiating party's NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on December 30, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact MCMC Services, LLC. Include your IDR Reference number referenced above.

Thank you,

MCMC Services, LLC

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4553288

National Medical Reviews, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4553288** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, National Medical Reviews, Inc. has determined that the out-of-network payment amount of **$25,883.01** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025241CJ6876 under this dispute.

National Medical Reviews, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $25,883.01

Blue Cross Blue Shield Ohio submitted an offer of $6,299.01

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

Both parties submitted information to be considered by the certified Independent Dispute Resolution (IDR) entity. The Qualifying Payment Amount (QPA) was considered, along with information on the following additional factors consistent with 45 CFR 149.510:

Initiating Party submitted information on factors:

Factor 1. The QPA for the applicable year for the qualified IDR item or service.

Factor 2. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

Factor 3. The acuity of the condition of the participant, beneficiary, or enrollee receiving the services, or the complexity of providing services to the participant, beneficiary, or enrollee.

Factor 4. The level of training, experience, and quality of medical personnel that furnished the air ambulance services.

Factor 5. The air ambulance vehicle type, including the clinical capability level of the vehicle.

Factor 6. The population density of the point of pick-up.

Factor 7. Demonstrations of good faith efforts (or lack thereof) made by the out of network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous 4 plan years.

Non-Initiating Party submitted information on factors:

Factor 7. Demonstrations of good faith efforts (or lack thereof) made by the OON provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous 4 plan years.

After considering the Qualifying Payment Amount (QPA) for the qualified services under dispute and the only the credible evidence submitted by both parties, it is the determination that the prevailing party's offer best represents the value of the qualified IDR services at issue in this dispute. Any information that was determined not to be credible was not considered or discussed in this decision.

For Factor 1, the QPA was considered and given moderate weight, in favor of the Non-Initiating Party.

The Initiating Party provided some information on Factor 2 as to the quality and outcomes measurements of the provider of the air ambulance services that furnished the services, minimal weight was attributed to this factor.

The member, suffering from a heart attack at the time of transport, was picked up by air ambulance and transported to the hospital. Information was given on the acuity of the individual and the individual's condition requiring the necessity of air transport to the appropriate hospital. Moderate weight was attributed to Factor 3, with emphasis on the acuity of the individual and the complexity of the service provided, in favor of the Initiating Party.

As to Factor 4, moderate weight was given the level of training, experience, and quality of medical personnel of the providers as there was specific information that showed that the air ambulance staff in this case possessed a very high level of training or expertise, in favor of the Initiating Party.

The Initiating Party states that the ambulance vehicle type used was an Airbus Rotor Wing BK 117 D3 (tail number N972CC). Moderate weight was placed on Factor 5 in favor of the Initiating Party.

For Factor 6, moderate weight was placed in favor of the Initiating Party on the density of the pick-up point as it was located in zip code 44004, described as "rural."

Regarding factor 7, on the issue of "Good Faith", in negotiating, both in contract negotiation and open negotiation on this specific matter, Initiating Party addresses this factor. The Initiating Party provided general information on amounts previously paid for air ambulance services by the Non-Initiating Party. This information was important in determining what the in-network rate might have been had good faith negotiations resulted in the out of network provider being in-network. Moderate weight is given to this factor.

It is the determination that the Initiating Party's offer, as above stated, best represents the value of the qualified IDR service at issue in this dispute. Therefore, the Initiating Party has prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. National Medical Reviews, Inc. has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-4553288 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4553288 was PHI Health, LLC. The initiating party’s NPI is 1871850693. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on December 30, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact National Medical Reviews, Inc.. Include your IDR Reference number referenced above.

Thank you,

National Medical Reviews, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

EXHIBIT B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-2064904

MCMC Services, LLC has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2064904** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, MCMC Services, LLC has determined that the out-of-network payment amount of **$39,213.13** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 24116E02DC01 under this dispute.

MCMC Services, LLC based this determination on a review of the following:

PHI Health, LLC submitted an offer of $39,213.13

Blue Cross Blue Shield Ohio submitted an offer of $0.00

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

After a thorough review of the QPA, Notice of Offers, and additional information, the Initiating Party’s offer best represents the value of the qualified IDR item or service. The Initiating Party’s offer adequately takes into account the level of training and patient acuity. The Initiating Party submitted evidence concerning the parties’ contractual history. Such evidence shows that the prior rate of payment for the same or similar services was closer to the Initiating Party’s offer in this case. The Initiating Party submitted information relating to the Initiating Party’s level of training, experience, and quality and outcome measurements. In addition, the Initiating Party submitted information relating to the acuity of the participant, beneficiary, or enrollee, receiving the qualified IDR item or service, or the complexity of furnishing the qualified IDR item or service to the participant, beneficiary, or

enrollee. This information demonstrates that the Initiating Party's offer best represents the value of this unique qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. MCMC Services, LLC has determined that Blue Cross Blue Shield Ohio is the non-prevailing party in DISP-2064904 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-2064904 was PHI Health, LLC. The initiating party's NPI is 1871850693 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Ohio. The 90-calendar day cooling off period begins on June 3, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact MCMC Services, LLC. Include your IDR Reference number referenced above.

Thank you,

MCMC Services, LLC

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*